## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ROY FERRAND, LUTHER SCOTT, JR.,   CIVIL ACTION NO. 2:11-00926
and LOUISIANA STATE CONFERENCE  LMA - JCW
OF THE NAACP, for themselves and all  SECTION "I"
other persons similarly situated

    v.

TOM SCHEDLER, in his official capacity
as the Louisiana Secretary of State, RUTH
JOHNSON, in her official capacity as
Secretary of the Louisiana Department of
Children & Family Services, and BRUCE
D. GREENSTEIN, in his official capacity
as Secretary of the Louisiana Department
of Health & Hospitals

<u>**ANSWER**</u>

  **NOW INTO COURT**, through undersigned counsel, comes Ruth Johnson, in her official

capacity as Secretary of the Louisiana Department of Children and Family Services, Defendant in

the above-captioned matter, who for the sole purpose of answering the plaintiffs' Complaint,

respectfully represents as follows:

### 1.

The allegations of Paragraph 1 of the Complaint are denied.

### 2.

The allegations of Paragraph 2 of the Complaint are denied.

### 3.

The allegations of Paragraph 3 of the Complaint are admitted.

1

4.

The allegations of Paragraph 4 of the Complaint are denied.

5.

The allegations of Paragraph 5 of the Complaint are denied.

6.

The allegations of Paragraph 6 of the Complaint are denied.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied.

10.

The allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint.

17.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint.

18.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint.

19.

The allegations of Paragraph 19 of the Complaint are admitted

20.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint..

21.

The allegations of Paragraph 21 of the Complaint are admitted.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint are admitted.

24.

The allegations of Paragraph 24 of the Complaint are admitted.

25.

The allegations of Paragraph 25 of the Complaint are admitted.

26.

The allegation in Paragraph 26 of the Complaint that DCFS and DHH offices are "mandatory" voter registration agencies under Section 7 of the NVRA is denied. The allegation in Paragraph 26 of the Complaint which refers to Louisiana law is irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and is therefore denied.

27.

The allegations of Paragraph 27 of the Complaint are denied in part and admitted in part. The allegation that the NVRA requires that each voter registration agency must provide a *"voter preference form"* is denied. The remaining allegations of Paragraph 27 of the Complaint are admitted.

28.

The allegations of Paragraph 28 of the Complaint are denied in part and admitted in part. The allegation that the NVRA also requires that the following services shall be made available at every *public assistance agency* is denied. The remaining allegations of Paragraph 28 of the Complaint are admitted.

4

29.

The allegations of Paragraph 29 of the Complaint are denied.

30.

The allegations of Paragraph 30 of the Complaint are denied.

31.

The allegations of Paragraph 31 of the Complaint are denied.

32.

The allegations of Paragraph 32 of the Complaint are admitted.

33.

The allegations of Paragraph 33 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

34.

The allegations of Paragraph 34 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

35.

The allegations of Paragraph 35 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

36.

The allegations of Paragraph 36 of the Complaint are denied.

37.

The allegations of Paragraph 37 of the Complaint are admitted.

38.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint.

39.

The allegations of Paragraph 39 of the Complaint are denied.

40.

The allegations of Paragraph 40 of the Complaint are denied.

41.

The allegations of Paragraph 41 of the Complaint are denied.

42.

The allegations of Paragraph 42 of the Complaint are denied.

43.

The allegations of Paragraph 43 of the Complaint are denied.

44.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44 that "the number of voter registration applications received from public assistance offices has sharply declined", but admits that there has been a "substantial increase in participation in the SNAP program". The remaining averments in same paragraph of the Complaint are denied.

45.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45.

46.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 46 that the total number of participants was approximately 300,000 "adult citizens", but does admit that there were approximately 300,000 "citizens" who received SNAP benefits in fiscal year 2009.

47.

The allegations of Paragraph 47 of the Complaint are denied in part and admitted in part. Defendant Johnson admits that "hundreds of thousands of individuals have participated in the state's SNAP program each year", but denies all remaining allegations in Paragraph 47 of the Complaint.

48.

The allegations of Paragraph 48 of the Complaint are denied in part and admitted in part. Defendant Johnson admits that between "January 2005 until May 1, 2010" the department had "SNAP participation rates of over 300,000 adult citizens", but denies all remaining averments in Paragraph 48 of the Complaint.

49.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 49 of the Complaint.

50.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 50 of the Complaint.

51.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint.

52.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 52 of the Complaint.

53.

The allegation in Paragraph 53 of the Complaint that "SNAP participation has grown from approximately 268,000 participants in 1996 to 356,000 participants in 2009" is admitted. Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 53.

54.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Complaint.

55.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 of the Complaint.

56.

The allegations of Paragraph 56 of the Complaint are denied.

57.

The allegations of Paragraph 57 of the Complaint are denied.

58.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 of the Complaint.

59.

The allegations of Paragraph 59 of the Complaint are denied.

60.

The allegations in Paragraph 60 of the Complaint are denied.

61.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 of the Complaint.

62.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 62 of the Complaint.

63.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint.

64.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 64 of the Complaint.

65.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 65 of the Complaint.

66.

The allegations in Paragraph 66 of the Complaint are denied.

67.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 67 of the Complaint.

68.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of Paragraph 68 of the Complaint. The allegation that "the results of these in-person interviews reveal that voter registration services are not being provided at each statutorily covered transaction" is denied.

69.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint.

70.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 70 of the Complaint.

71.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 71 of the Complaint.

72.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of Paragraph 72 of the Complaint.  The allegation that "the results of these in-person interviews reveal that voter registration services are not being provided at each statutorily covered transaction" is denied.

73.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 73 of the Complaint.

74.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 74 of the Complaint.

75.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 75 of the Complaint.

76.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 76 of the Complaint.

77.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 77 of the Complaint.

78.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 78 of the Complaint.

79.

The allegations contained in subsections a, b, e and f in Paragraph 79 of the Complaint are admitted albeit with the caveat that Defendant Johnson does interpret the NVRA to require such tracking. As to subsections c and g in Paragraph 79, Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of said averments. As to subsection d of Paragraph 79, Defendant Johnson admits in part and denies in part. Defendant Johnson again avers that the NVRA does not require any such tracking as referenced in Paragraph 79 of the Complaint.

80.

The allegations of Paragraph 80 of the Complaint are denied.

81.

The allegations of Paragraph 81 of the Complaint are denied.

82.

The allegations of Paragraph 82 of the Complaint are denied.

83.

The allegations of Paragraph 83 of the Complaint are denied.

84.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 84 of the Complaint that Plaintiffs' counsel sent letters to

the Secretary of DHH and the Secretary of State in order to "provide written notice of the violation to the chief election official of the State."  The allegation in Paragraph 84 of the Complaint that Plaintiffs' counsel sent a letter to Defendant Johnson at some point and time during the month of January 2011 is admitted.

85.

The letter referred to as Exhibit 1 to the Complaint is the best evidence of what it contained.  However, the allegations of violations of the NVRA contained therein and in Paragraph 85 of the Complaint are denied.

86.

The letter referred to as Exhibit 1 to the Complaint is the best evidence of what it contained.  However, the allegations of violations of the NVRA contained therein and in Paragraph 86 of the Complaint are denied.

87.

The letter referred to as Exhibit 1 to the Complaint is the best evidence of what it contained.  However, the allegation that the defendants were not in compliance with the requirements of Section 7 of the NVRA contained therein and in Paragraph 87 of the Complaint is denied.

88.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 88 of the Complaint.

89.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89 of the Complaint.

90.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 90 of the Complaint.

91.

The allegations of Paragraph 91 of the Complaint are admitted.

92.

The letter referred to in Paragraph 92 of the Complaint is the best evidence of what it contained.  However, the allegation that the state of Louisiana was not in compliance with the NVRA contained therein is denied.

93.

The letter referred to as Exhibit 2 to the Complaint is the best evidence of what it contained.  However, the allegation of violations of the NVRA contained therein and in Paragraph 93 of the Complaint are denied.

94.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 94 of the Complaint.

95.

The allegations contained within Paragraph 95 of the Complaint are admitted.

96.

The allegations contained within Paragraph 96 of the Complaint are denied.

97.

The allegations contained within Paragraph 97 of the Complaint are admitted.

98.

The allegations of Paragraph 98 of the Complaint are denied.

99.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 99 of the Complaint.

100.

The allegations of Paragraph 100 of the Complaint are denied.

101.

The averments contained in the first two sentences in Paragraph 101 of the Complaint are denied.  Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within Paragraph 101.

102.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 102 of the Complaint.

103.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 103 of the Complaint.

104.

The allegations of Paragraph 104 of the Complaint are denied.

105.

The averment contained in the first sentence in Paragraph 105 of the Complaint is denied. Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the last two sentences in Paragraph 105 of the Complaint.

106.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 106.

107.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 107 of the Complaint.

108.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 108 of the Complaint.

109.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 109 of the Complaint.

110.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 110 of the Complaint.

111.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 111 of the Complaint.

112.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 112 of the Complaint.

113.

The allegations of Paragraph 113 of the Complaint are denied.

114.

The allegations of Paragraph 114 of the Complaint are denied.

115.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 115 of the Complaint.

116.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 116 of the Complaint.

117.

The allegations of Paragraph 117 of the Complaint are denied.

118.

The allegations of Paragraph 118 of the Complaint are denied.

119.

The allegations of Paragraph 119 of the Complaint are denied.

17

120.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 120 of the Complaint.

121.

The allegations of Paragraph 121 of the Complaint are denied.

122.

The allegations of Paragraph 122 of the Complaint are denied.

123.

The allegations of Paragraph 123 of the Complaint are denied.

124.

The allegations of Paragraph 124 of the Complaint are denied.

125.

The allegations of Paragraph 125 of the Complaint are denied.

126.

The allegations of Paragraph 126 of the Complaint are denied.

127.

The allegations of Paragraph 127 of the Complaint are denied.

128.

Defendant Johnson is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 128 of the Complaint.

129.

The allegations of Paragraph 129 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

130.

The allegations of Paragraph 130 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

131.

The allegations of Paragraph 131 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

132.

The allegations of Paragraph 132 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

133.

The allegations of Paragraph 133 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

134.

The allegations of Paragraph 134 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

135.

The allegations of Paragraph 135 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

136.

The allegations of Paragraph 136 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

137.

The allegations of Paragraph 137 of the Complaint which refer to Louisiana law are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

**AND NOW FURTHER ANSWERING:**

The defendants herein assert the following affirmative defenses to the Complaint:

First Defense

This Court may not issue a declaratory judgment stating that Defendant Johnson has violated Section 7 of the NVRA by failing to provide voter registration services as required by

the NVRA at offices that provide public assistance in Louisiana because the use of a declaratory judgment to adjudicate past conduct and/or to proclaim one party liable to another is an inappropriate use of declaratory judgment.

Second Defense

This Court may not issue a declaratory judgment stating that Defendant Johnson has violated Section 7 of the NVRA in the past because this Court may provide prospective relief only under the doctrine of *Ex parte Young*.

Third Defense

The plaintiffs' prayer for relief seeks a permanent injunction enjoining the defendants, their agents and successors in office and all persons working in concert with them from implementing practices and procedures that violate Section 7 of the NVRA.  This Court should not issue such an injunction because Defendant Johnson has never implemented, does not currently implement, nor intends in the future to implement any practices or procedures that violate Section 7 of the NVRA.

Fourth Defense

The plaintiffs seek an order from this Court which subjects Defendant Johnson to a court-approved plan with reporting and monitoring requirements which requires her to take all appropriate measures necessary to remedy the harm caused by noncompliance with Section 7 of the NVRA and to a court-approved plan with reporting and monitoring requirements which requires her to take all steps necessary to ensure ongoing compliance with the requirements of Section 7 of the NVRA.  This Court should not issue such an order because the National Voter Registration Act does not require any state office which provides public assistance to subject

21

itself to a court-approved plan with appropriate reporting and monitoring requirements which requires that office to take all appropriate measures necessary to remedy the harm caused by noncompliance with Section 7 of the NVRA nor to subject itself to a court-approved plan with appropriate reporting and monitoring requirements which requires that office to take all steps necessary to ensure ongoing compliance with the requirements of Section 7 of the NVRA.

**WHEREFORE**, Ruth Johnson, in her official capacity as Secretary of the Louisiana Department of Children and Family Services Defendant herein, prays for the following:

1.     That this Answer to the plaintiffs' complaint be deemed good and sufficient; and

2.     That, after due proceedings, the plaintiffs' complaint be dismissed with prejudice with all costs assessed to plaintiffs.

3.     That she be permitted to supplement this Answer as information becomes available to her during the course of these proceedings.

Respectfully submitted,

/s Amy K. Colby
_____
Amy K. Colby, Trial Attorney, Bar Roll 29802
Celia Alexander, Bar Roll 27925
Attorneys for Ruth Johnson
Louisiana Department of Children and
Family Services
Iberville Building
627 N. 4th Street
P.O. Box 1887
Baton Rouge, LA 70821-1887
Telephone: (225)342-1118
Fax: (225)342-9139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing <u>Answer</u> has been electronically filed with the Clerk of Court for the United States District Court – Eastern District of Louisiana and served upon all parties to this suit through counsel of record by electronic notice this 4th day of August, 2011, to the following:

Ronald L. Wilson (cabral2@aol.com)
710 Poydras Street, Suite 4100
New Orleans, LA 70139

Nicole K. Zeitler
(nzeitler@projectvote.org)
737 ½ 8th Street SE
Washington, DC 20003

Dale Ho (dho@naacpldf.org)
Natasha Korgaonkar
(nkorgaonkar@naacpldf.org)
99 Hudson Street, Suite 1600
New York, NY 10013

Celia R. Cangelosi
(celiacan@bellsouth.net)
918 Government Street, Suite 101
Baton Rouge, LA 70821

Stephen R. Russo (srusso@la.gov)
Kimberly L. Humbles (kimberly.humbles@la.gov)
Douglas L. Cade (douglas.cade@la.gov)
David McCay (david.mccay@la.gov)
Louisiana Department of Health and Hospitals
Bienville Building
628 N. 4th Street
P.O. Box 3836
Baton Rouge, LA 70821-3836

/s Amy K. Colby
Amy K. Colby, Trial Attorney, Bar Roll 29802
Celia Alexander, Bar Roll 27925
Attorneys for Ruth Johnson,
Louisiana Department of Children and
Family Services
627 N. 4th Street
P.O. Box 1887
Baton Rouge, LA 708210
Telephone: (225)342-1118
Fax: (225)342-9139