UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY FERRAND, LUTHER SCOTT, JR., and LOUISIANA STATE CONFERENCE OF THE NAACP, for themselves and all other persons similarly situated, | CIVIL ACTION NO. 2:11-00926<br>LMA - JCW |
| v. | |
| TOM SCHEDLER in his official capacity as the Louisiana Secretary of State, RUTH JOHNSON, in her official capacity as Secretary of the Louisiana Department of Children & Family Services, and BRUCE D. GREENSTEIN, in his official capacity as Secretary of the Louisiana Department of Health & Hospitals, | |

### ANSWER OF TOM SCHEDLER, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE

NOW COMES Defendant, Tom Schedler, in his official capacity as Louisiana Secretary of State ("Secretary of State"), who objects to and answers the complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction because the Complaint does not state a claim cognizable under the U.S. Constitution, federal law or federal statute for failure of plaintiffs to satisfy the requirements of 42 U.S.C. 19733gg-9(b) prior to filing suit.

### SECOND DEFENSE

The Plaintiffs lack standing to sue.

### THIRD DEFENSE

This Court may not issue a declaratory judgment stating that Defendant Secretary of State has violated Section 7 of the NVRA because the use of a declaratory judgment to adjudicate past conduct and/or to proclaim one party liable to another is an inappropriate use of declaratory judgment.

### FOURTH DEFENSE

This Court may not issue a declaratory judgment stating that Defendant Secretary of State has violated Section 7 of the NVRA in the past because this Court may provide prospective relief only under the doctrine of *Ex Parte Young.*

### FIFTH DEFENSE

The Plaintiffs' prayer for relief seeks a permanent injunction enjoining the Defendants, their agents and successors in office and all persons working in concert with them from implementing practices and procedures that violate Section 7 of the NVRA. This Court should not issue such an injunction because Defendant Secretary of State has never implemented, does not currently implement, nor intends in the future to implement any practices or procedures that violates Section 7 of the NVRA.

### SIXTH DEFENSE

The Plaintiffs seek an order from this Court which subjects Defendant Secretary of State to a court-approved plan with reporting and monitoring requirements which requires him to take all appropriate measures necessary to remedy the harm caused by the alleged

noncompliance with Section 7 of the NVRA and to a court-approved plan with reporting and monitoring requirements which requires him to take all steps necessary to ensure ongoing compliance with the requirements of Section 7 of the NVRA.  This Court should not issue such an order because the National Voter Registration Act does not require any state officer to subject itself to a court-approved plan with reporting and monitoring requirements to require his office to take all appropriate measures necessary to remedy the harm caused by noncompliance with Section 7 of the NVRA, nor to subject itself to a court-approved plan with reporting and monitoring requirements which requires that office to take all steps necessary to ensure ongoing compliance with the requirements of Section 7 of the NVRA.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

The Complaint fails to state a claim against Defendant Secretary of State regarding matters occurring prior to January 12, 2004.

IN FURTHER ANSWERING the particular allegations of the Complaint:

### I.

The Defendant Secretary of State admits Paragraphs 23, 25, 32, and 33.

### II.

The Defendant Secretary of State denies Paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12,

13, 17, 21, 22, 26, 29, 30, 31, 36, 39, 40, 41, 42, 43, 47, 48, 51, 52, 54, 56, 57, 61, 63, 66, 67, 70, 71, 72, 74, 76, 80, 81, 82, 83, 84, 85, 86, 87, 98, 101, 105, 113, 114, 117, 119, 121, 122, 123, 124, 125, 126 and 127.

III.

For lack of sufficient information or understanding to admit or deny, the Defendant Secretary of State denies Paragraphs 14, 15, 16, 24, 37, 38, 44, 45, 46, 49, 50, 53, 55, 58, 59, 60, 62, 64, 65, 68, 69, 73, 75, 77, 78, 79, 88, 89, 90, 95, 96, 97, 99, 100, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, 115, 116, 118 and 120.

IV.

Denied as written as containing partial characterizations of various statutory provisions and not allegations of fact are Paragraphs 3, 18, 19, 20, 27, 28, 34 and 35. The full and complete content of the various partially quoted statutory provisions are the best evidence of content.

V.

Further answering Paragraph 19, Defendant Secretary of State specifically denies that DCFS is a "mandatory voter registration agency."

VI.

Further answering Paragraph 20, Defendant Secretary of State specifically denies that DHH is a "mandatory voter registration agency."

VII.

Further answering Paragraph 27, Defendant Secretary of State denies that the term "voter preference form" is included in the cited statute.

VIII.

Further answering Paragraph 33, Defendant Secretary of State represents that designation of the Secretary of State as chief election official as noted there occurred on January 12, 2004, at noon.

IX.

Further answering Paragraphs 84-87 and 91, Defendant Secretary of State specifically denies that the letter referenced there constituted notice as required by 42 U.S.C. 1973gg-9.

X.

For answer to the allegations of Paragraphs 91, 92 and 93, which are denied as written, Defendant Secretary of State represents that the letters referenced therein are the best evidence of their contents.

XI.

For answer to the allegations of Paragraphs 94, Defendant Secretary of State shows that the representation made there is correct insofar as it goes; however, notes that Defendant Secretary of State did respond to the Notice Letter of February 25, 2011, on May 26, 2011, within 90 days, representing that any alleged violation had been corrected.

XII.

The allegations of Paragraphs 128-137 refer to Louisiana law and are irrelevant to the action before this Court pursuant to its decision dismissing the state law claims for lack of subject matter jurisdiction and are therefore denied.

XIII.

For the remainder of the Complaint constituting Plaintiffs' "Prayer for Relief," no answer is required.  To the extent that an answer is required, Defendant Secretary of State denies that Plaintiffs are entitled to any of the relief they seek.

XIV.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

XV.

The Secretary of State is entitled to and requests reasonable attorneys fees, including litigation expenses, and costs associated with this proceeding under 42 U.S.C. 1973gg-9(c).

WHEREFORE, Tom Schedler, in his official capacity as Louisiana Secretary of State, prays for a dismissal of Plaintiffs' Complaint and for reasonable attorneys fees, including litigation expenses, and costs.

Respectfully Submitted:


s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
918 Government Street, Suite 101
P.O. Box 3036
Baton Rouge, LA 70821
Telephone: (225) 387-0511
Facsimile: (225) 387-3198
Email:  celiacan@bellsouth.net

Attorney for Defendant, Tom Schedler in his official capacity as Louisiana Secretary of State

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing "Answer of Tom Schedler, In His Official Capacity as Louisiana Secretary of State" was sent electronically or via U.S. First Class Mail, postage prepaid, to the following:

Ronald L. Wilson (cabral2@aol.com)
710 Poydras Street, Suite 4100
New Orleans, LA 70139

Kristen Clarke (kclarke@naacpldf.org)
Dale Ho (dho@naacpldf.org)
Natasha Korgaonkar
(nkorgaonkar@naacpldf.org)
99 Hudson Street, Suite 1600
New York, NY 10013

Nicole K. Zeitler
(nzeitler@projectvote.org)
737 ½ 8th Street SE
Washington, DC 20003

Stephen R. Russo (stephen.russo@la.gov)
David McCay (david.mccay@la.gov)
Douglas L. Cade (douglas.cade@la.gov)
Kimberly L. Humbles (kim.humbles@la.gov)
Department of Health & Hospitals
Bureau of Legal Services
Bienville Blvd.
628 N. 4th Street
Baton Rouge, LA 70802

Amy Colby (amy.colby@la.gov)
Celia Alexander (celia.alexander@la.gov)
Bureau of General Counsel
Louisiana Department of Children and Family Services
P.O. Box 1887
Baton Rouge, LA 70821

Baton Rouge, Louisiana, this 4th day of August, 2011.

s/Celia R. Cangelosi
CELIA R. CANGELOSI