UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUTHER SCOTT, JR. and the LOUISIANA STATE CONFERENCE OF THE NAACP, for themselves and all other persons similarly situated,<br><br>                      *Plaintiffs*,<br><br>                      v.<br><br>TOM SCHEDLER in his official capacity as the Louisiana Secretary of State, RUTH JOHNSON, in her official capacity as Secretary of the Louisiana Department of Children & Family Services, and BRUCE D. GREENSTEIN, in his official capacity as Secretary of the Louisiana Department of Health & Hospitals,<br><br>                      *Defendants*. | Civil Action No. 2:11-cv-00926-JTM-JCW |

**PLAINTIFFS' SURREPLY IN RESPONSE TO DEFENDANT SCHEDLER'S SUPPLEMENTAL MEMORANDUM, AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Luther Scott, Jr. and the Louisiana State Conference of the NAACP ("Plaintiffs") file this Surreply in response to Defendant Schedler's Supplemental Memorandum in Opposition to Plaintiffs cross-motion for partial summary judgment "Supplemental Memorandum"), filed on April 2, 2012, Doc. 183.[1] In his Supplemental Memorandum, which is the third brief that he has filed on the pending partial summary judgment motions, Defendant Schedler raises new arguments and evidence concerning Plaintiff Luther Scott's standing, and

---

[1] These briefs are filed in connection with the parties' cross-motions for partial summary judgment. Specifically, Plaintiffs' cross-motion for partial summary judgment requests a judgment there is no genuine issue of material fact with respect to Defendants' failure to provide public assistance clients an opportunity to register to vote when applying for, renewing / recertifying benefits, or changing address in connection with benefits, via "remote" means such as telephone, mail, and internet, in violation of Section 7 of the National Voter Registration Act ("NVRA"), 42 U.S.C. 1973gg-5(a)(6).

submits three new exhibits in support of his arguments. Plaintiffs file this Surreply in response to those new arguments and evidence, which do not constitute grounds for denying Plaintiffs' motion for partial summary judgment.

First, the arguments and evidence contained in Defendant Schedler's Supplemental Memorandum do not raise an issue of material fact with respect to either Plaintiffs' standing. As an initial matter, Defendant Schedler's new evidence solely concerns Plaintiff Luther Scott, and does not implicate in any way the standing of Plaintiff Louisiana State Conference of the NAACP ("Louisiana NAACP"). As the Court in this case has already ruled, "[t]he [Louisiana] NAACP has demonstrated that it satisfies the injury requirement and that it has standing to sue." *Ferrand v. Schedler,* No. Civ. A. 11-926, 2011 WL 3268700, at *4 (E.D. La. July 21, 2011). Moreover, the newly submitted evidence concerning Mr. Scott consists primarily of a voter registration form from 2008 and a benefits application from 2009, neither of which create a genuine issue of material fact with respect to Mr. Scott's standing, which is based on the fact that he was not offered an opportunity to register to vote when he applied for benefits in 2010 and during subsequent recertifications, and remains unregistered at his current address.

Second, even if this Court were to reserve decision on Plaintiffs' standing, Rule 56(g) permits this Court to render a decision on the substantive issues presented on Plaintiffs' motion for partial summary judgment and to issue a pre-trial order specifying that there is no triable issue of material fact with respect to Defendants' failure to offer voter registration during remote transactions. *See* Fed. R. Civ. P. 56(g). Accordingly, even assuming *arguendo* that there is a material issue of fact with respect to either Plaintiffs' standing—which there is not—the issues presented in Plaintiffs' cross-motion for partial summary judgment remain ripe for disposition.

**ARGUMENT**

**I.     The New Evidence in Defendant Schedler's Surreply Does Not Create a Genuine Issue of Fact as to Either Plaintiffs' Standing**

Defendant Schedler's newly-presented evidence does not create a genuine issue of material fact with respect to either Plaintiffs' standing.

First, Defendant does not offer any additional evidence related to the Louisiana NAACP. All of the newly-submitted evidence concerns Plaintiff Scott, and does not even arguably implicate the standing of Plaintiff Louisiana NAACP, which remains undisputed by any evidentiary submissions from Defendants. *See Ferrand*, 2011 WL 3268700, at *4. Defendant Schedler has not taken issue with any of the specific allegations in support of standing in the declaration of Reverend Edward Taylor (Doc. 173-7, Ex. 67)[2]; a party's "burden [in opposing summary judgment] is not satisfied with some metaphysical doubt as to the material facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

Additionally, none of the new documents submitted by Defendant Schedler call into question the following undisputed material facts, which conclusively establish Plaintiff Scott's standing. First, although Mr. Scott may have registered to vote when he lived at 510 St. Patrick St. in 2008, he has not remained at that address. As of 2010, Mr. Scott lived at a different address, 4832 Condor St. in Metairie; he was not registered to vote at that address, and did not receive a voter registration form along with his benefits application in November of 2010. *See* Doc. 168-7, Pls.' Ex. 66, at ¶¶ 13-15. Second, Mr. Scott has continually re-certified his benefits since 2010, but has not received a voter registration form along with his recertification paperwork, and remains unregistered to vote at his current address at 2515 Magnolia Street in

---

[2] Although Defendant Schedler does point out a purported defect with the *format* of the declaration, Plaintiffs have submitted a version of this declaration that corrects this mistake along with their opposition to Defendant Schedler's recent Motion to Strike (*see* Doc. 185-1, Pls.' Ex. 69).

New Orleans. *See id.* ¶¶ 3, 20-22, 25. In sum, since 2010, Defendants have not provided Mr. Scott an opportunity to register to vote with each benefits transaction in violation of Section 7 of the NVRA, and he remains unregistered to vote at his current address today.

These facts conclusively establish Mr. Scott's standing, and are not specifically disputed by Defendant Schedler. None of the three exhibits submitted by Defendant Schedler creates a material issue of fact with respect to standing. First, the voter registration form from 2008 (*see* Doc. 183-2, SOS Ex. 5 at 4) is irrelevant to the more recent events since 2010, which form the basis of Mr. Scott's standing. Although Defendant Schedler attempts to cast doubt on Mr. Scott's entire declaration based on the fact that Mr. Scott may not have remembered correctly whether he filled out a voter registration card approximately four years ago, this fact is not *material* to the question of whether Mr. Scott had standing at the time the suit was filed, based on his more recent interactions with DCFS since 2010. Defendant Schedler has not specifically taken issue with any of the more recent facts outlined above. A party opposing summary judgment "must point out, *with factual specificity*, evidence demonstrating the existence of a genuine issue of *material* fact on every component of his case." *Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 605 (5th Cir. 2007) (emphasis added). "Summary judgment is *mandatory* where the nonmoving party fails to meet its burden" of "designat[ing] *specific facts* showing that there is a genuine issue for trial." *Momax, LLC v. The Rockland Corp.*, No. Civ. A.3:02CV2613-L, 2005 WL 839402, at *7 (N.D. Tex. April 11, 2005) (citing, *inter alia*, *Little*, 37 F.3d at 1075-76) (emphasis added).

Second, Defendant Schedler's assertion, based on unsworn notes on Mr. Scott's benefits application (*see* Doc. 183-1, SOS Ex. 4) by an unidentified individual, that "voters registration" [sic] was "discussed" with Mr. Scott when he applied for benefits in 2009, Doc. 179-1 at 4, does

4

not create a genuine issue of material fact as to Mr. Scott's standing. This assertion, which concerns events in 2009, is immaterial to whether Mr. Scott was denied voter registration services when he applied for food stamps in 2010, or when he recertified those benefits at subsequent dates. Moreover, Defendant Schedler's assertion is based entirely on the unsworn notations of an unidentified individual referred to by Defendant Schedler as "s banks," an insufficient basis on which to oppose summary judgment. *See Johnson v. David*, No. 93-8350, 1994 WL 397724, at *1 (5th Cir. July 14, 1994) (per curiam) ("[T]o avoid summary judgment, the opposing party by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.") (internal quotation marks and citation omitted). Finally, even if true, a "discussion" of voter registration is insufficient to satisfy the requirements of Section 7 of the NVRA, which provides that a voter registration form shall be distributed to a public assistance client along with a benefits application "unless the applicant, *in writing, declines* to register to vote." 42 U.S.C. 1973gg-5(a)(6)(A) (emphasis added). There is no allegation that Mr. Scott ever *declined* to register to vote *in writing*. Leaving a voter declination form blank does not constitute a declination "in writing" for purposes of construing this provision of the NVRA. *See Valdez v. Squier*, Nos. 11-2063, 11-2084, 2012 WL 547404, at *8-10 (10th Cir. Feb. 21, 2012).

Third, Defendant Schedler submits a copy of a blank voter registration form that was sent to Mr. Scott's counsel in June 2011. *See* Doc. 183-3, SOS Ex. 6. But Mr. Scott's standing is based on Defendant's repeated failures to offer him an opportunity to register to vote at the time of applying for or recertifying benefits. The NVRA provides that public assistance recipients like Mr. Scott must receive a voter registration form *each* time that they apply for benefits, recertify/renew benefits, or change their address in connection with benefits. 42 U.S.C. §

1973gg-5(a)(6). Defendants' violations of the NVRA are not cured by sending a voter registration form to Mr. Scott's counsel. Permitting defendants to moot a plaintiff's claim simply by sending plaintiff a voter registration form would render the private right of action under the statute null and void, and would run counter to its Congressional intent that "[p]rivate civil enforcement [of the NVRA] should be designed to assure and to encourage, *to the fullest extent possible*, the cooperation of local and State election officials responsible for implementation of the voter registration programs." S. Rep. No. 103-6, at *20. Mr. Scott seeks to vindicate his rights under federal law, and is not obligated to moot his own claim by taking advantage of Defendants' belated efforts to send a voter registration form to Mr. Scott's counsel.

Thus, even if the Court were to credit all of Defendant Schedler's newly submitted evidence, this evidence does not call into question either Plaintiffs' standing. Tellingly, none of the other defendants in this case have challenged Plaintiffs' standing. And, indeed, Defendant Schedler has *not* argued that he is entitled to summary judgment based on a purported lack of standing. If there were any specific flaws in Plaintiffs' allegations as to standing, Defendants should have identified it by now. Accordingly, there is no material issue of fact with respect to either Plaintiffs' standing.[3]

---

[3] Defendant Schedler also seeks "additional" discovery on Plaintiffs' standing and has filed a motion seeking leave for discovery. *See* Doc. 180. As noted in Plaintiffs' response to Defendant Schedler's discovery motion (*see* Doc. 186, attached herein as Ex. A), there is no discovery dispute between the parties. Discovery has not yet concluded, and Plaintiffs' have cooperated and will cooperate with discovery requests by Defendants. However, if Defendant Schedler's motion for "additional" discovery is intended as a motion under Rule 56(d) of the Federal Rules of Civil Procedure for additional time to conduct discovery before this Court renders decision on the parties' pending cross motions for partial summary judgment, such a motion should be properly filed before the District Court, which is hearing the dispositive motions, rather than before the Magistrate Judge. In any event, as explained in Plaintiffs' response to Defendant Schedler's motion for discovery, this Court need not wait until further discovery is completed before rendering decision on the pending cross-motions for partial summary judgment. *See id.*

II.  **Alternatively, Even If this Court Were to Reserve Decision on Plaintiffs' Standing, the Issues Presented on Plaintiffs' Motion for Partial Summary Judgment Are Ripe for Pre-Trial Adjudication**

Even if this Court were to reserve decision on the question of Plaintiffs' standing, this Court may resolve the substantive issues presented in Plaintiffs' cross-motion for partial summary judgment through a pre-trial order specifying that there is no genuine dispute of material fact with respect to Defendants' failures to provide their clients with an opportunity to register to vote during remote transactions.

Under Rule 56(g), this Court may "enter an order stating *any material fact* … that is not genuinely in dispute and treating the facts as established in the case" (emphasis added). Accordingly, Plaintiffs' motion for partial summary judgment may be construed as a motion "'merely [for] a pre-trial adjudication that certain issues are established for trial of the case,'" in order to "'root out, focus, and narrow the issues for trial.'" *Sweet Lake Land & Oil Co. LLC v. Exxon Mobil Corp.*, No. 09 CV 1100, 2011 WL 5825791, at *3 (W.D. La. Nov. 16, 2011) (quoting *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993)). *See also Trade-Winds Environmental Restoration, Inc. v. Frank Stewart Development, Jr.*, No. 06-3299, 2010 WL 1489733, at *1 (E.D. La. April 13 2010) ("A partial summary judgment order … is merely a pre-trial adjudication that certain issues are established for trial of the case…. as a means to narrow and focus the issues for trial….").

Thus, although a court cannot render *full* summary judgment on all of a plaintiff's claims before conclusively determining that plaintiff's standing, nothing here prohibits a pretrial order "specify[ing] those facts that really cannot be controverted" in order to narrow the scope of issues for trial. 10B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2737 (3d ed.). Here, this Court may reserve decision on standing while also determining that there is no need for trial on the

issue of Defendants' failure to provide voter registration services during remote transactions. Such an order is particularly appropriate where, as here, "it would be practicable to save time and expense and to simplify the trial, to issue an order that specifies the facts that appear without substantial controversy." *Id.* The first motion for partial summary judgment was filed on November 2, 2011. Doc. 88-3. Including this brief, the parties have now filed thirteen (12) briefs on the cross-motions for partial summary judgment, as well as two separate motions to strike by Defendant Schedler, oppositions to those motions, a statement of interest filed by the United States Department of Justice, and additional briefing on a motion to strike that statement of interest. After five continuances, hearing on these cross-motions is currently scheduled for April 20, 2012.

Under these circumstances, reserving judgment on whether Defendants have in fact provided voter registration services during remote benefits transactions, or permitting the parties to file additional memoranda on this issue at a later time, would not be an efficient use of judicial resources. As demonstrated in Plaintiffs' briefs, there is no issue of fact as to Defendants' failures in this regard; indeed, Defendant Schedler does not even contest the fact that Defendants have failed to offer voter registration during remote transactions. Accordingly, at a minimum, a pre-trial order specifying that there is no triable issue of fact with respect to these issues would be appropriate. *See Calpetco*, 989 F.2d at 1415 ("Where, as here, partial summary judgment is granted, the length and complexity of trial on the remaining issues are lessened, all to the advantage of the litigants, the courts, those waiting in line for trial, and the American public in general.").

## CONCLUSION

For the reasons set forth above, Plaintiffs' Cross-Motion for Partial Summary Judgment should be granted.

DATED: April 3, 2012

        Respectfully submitted,

        /s/ Dale E. Ho
        NAACP LEGAL DEFENSE &
        EDUCATIONAL FUND, INC.
        Debo P. Adegbile
        Ryan P. Haygood*
        Dale E. Ho*
        Natasha M. Korgaonkar*
        Leah Aden
        99 Hudson Street, Suite 1600
        New York, NY 10013
        Telephone: (212) 965-2252
        Facsimile: (212) 226-7592
        E-mail: dho@naacpldf.org
        *Motion For Admission Pro Hac Vice Granted

        PROJECT VOTE
        Niyati Shah*
        Michelle Rupp*
        Sarah Brannon
        1350 Eye St, NW, Suite 1250
        Washington, DC 20005
        Telephone: (202) 546-4173 Ext. 302
        Facsimile: (202) 629-3754
        E-mail: nshah@projectvote.org
        Email: mrupp@projectvote.org
        *Motion For Admission Pro Hac Vice Granted

        Ronald L. Wilson
        701 Poydras Street – Suite 4100
        New Orleans, LA 70139
        Telephone: (504) 525-4361
        Facsimile: (504) 525-4380
        E-mail: cabral2@aol.com

        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2012, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record who are registered participants of the Courts CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to counsel of record who are not CM/ECF participants as indicated in the notice of electronic filing.

      /s/ Dale E. Ho
Dale E. Ho*
NAACP Legal Defense &
 Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013
Telephone: (212) 965-2200
Facsimile: (212) 229-7592
E-mail: dho@naacpldf.org
*Motion For Admission
*Pro Hac Vice* Granted

*Counsel for Plaintiffs*