UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| ROY FERRAND, ET AL | * | CIVIL ACTION NO. 11-926 |
| Plaintiffs | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | MAGISTRATE: 2 |
| TOM SCHEDLER, ET AL | * | MAG. JOSEPH C. WILKINSON, JR |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS

Before the Court is Defendant Greenstein's Motion to Strike the Statement of Interest of the United States (Doc. 174).  For the foregoing reasons the Motion to Strike is hereby DENIED.

## BACKGROUND

Pending before the Court are various cross-motions for partial summary judgment (Docs. 88, 94, 97 and 111).  All motions relate to the statutory construction of the National Voter Registration Act ("NVRA").  Essentially, the key issue presented to this Court in the various motions is whether or not the NVRA applies to any applications for public assistance and disability services beyond those applications made in person.

On March 6, 2012 the United States of America filed a Statement of Interest in the above captioned matter (Doc. 157). The Statement of Interest sets forth the position of the United States on the legal question currently pending before the Court in the cross-motions for partial summary judgment regarding the NVRA.

Subsequently, on March 13, 2012 Defendant Bruce Greenstein filed a Motion to Strike the Statement of Interest filed by the United States (Doc. 174). The United States filed a Memorandum in Opposition to Defendant Greenstein's Motion (Doc. 175). Additionally, the United States filed a request for oral argument on Defendant Greenstein's Motion to Strike (Doc. 192).

## DISCUSSION

Defendant Greenstein argues first that the United States is "not entitled" to file a Statement of Interest in the above captioned matter because the United States opposed Defendant Greenstein's motion to transfer the United States' separate NVRA enforcement action from the Middle District of Louisiana to the Eastern District of Louisiana; and second, that the United States' filing should be stricken as "redundant" under Federal Rule of Civil Procedure 12(f). The Court does not agree with either of these arguments.

First, this Court notes that the United States has broad discretion to attend to any interests of the United States. The United States is authorized by 28 U.S.C. § 517 to file a Statement of Interest. 28 U.S.C. § 517 provides that:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

*Id.* Under this provision, the United States has broad discretion "to dispatch government lawyers

to attend to any ... interest of the United States." *Hall v. Clinton,* 285 F.3d 74, 80 (D.C. Cir. 2002)(citing 28 U.S.C. § 517)(internal citations omitted).  The United States need not be a party in a case in order to assert its interests pursuant to 28 U.S.C. § 517. *Cf. Hunton & Williams v. United States DOJ,* 590 F.3d 272, 291 (4th Cir. 2010) ("A statement of interest, which is authorized by 28 U.S.C. §517, is designed to explain to a court the interests of the United States in litigation between private parties.").  The Court finds that the United States clearly has an interest in the application of the NVRA.  Moreover, this interest is not extinguished by a pending lawsuit in another United States District Court. *See Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 363 (3rd Cir. 2006)("[t]he United States Executive has the authority, in **any case** in which it is interested, to file a statement of interest[.]")(emphasis added).

Next, this Court does not find the United States' Statement of Interest "redundant" under Federal Rules of Civil Procedure 12(f).  Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  It is well established that striking a pleading should be sparingly used by the Court.  *Augustus v. Bd. of Public Instruction, Escambia Cnty.,* 306 F.2d 862, 868 (5th Cir.1962)(*citing Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)).  Moreover, "[t]he motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*  Clearly, the United States Statement of Interest has an obvious relation to the controversy surrounding the NVRA.  Additionally, this Court finds that the Statement of Interest is not redundant, as it is the United States' only pleading filed surrounding this controversy.  As such, the Court finds no merit in Defendant's argument under Federal Rule of Civil Procedure 12(f).

**CONCLUSION**

For the foregoing reasons, the Motion to Strike the Statement of Interest by the United States, filed by Bruce Greenstein (Doc. 174) is hereby DENIED. Due to the resolution of this Motion the United States request to present oral argument (Doc. 192) is hereby MOOT.

New Orleans, Louisiana on this 13th day of April, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**