UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| ROY FERRAND, ET AL | * | CIVIL ACTION NO. 11-926 |
| **Plaintiffs** | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 2 |
| TOM SCHEDLER, ET AL | * | MAG. JOSEPH C. WILKINSON, JR. |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER & REASONS

Before the Court is a Motion for Certification of Judgment as Final and Appealable and for Stay of Enforcement Pending Appeal (Doc. 213) filed by all Defendants. For the following reasons Defendants' Motion is hereby **DENIED**.

### BACKGROUND

On May 3, 2012, the Court entered an Order and Reasons denying Defendants' Motions for Partial Summary Judgment and granting, as amended, Plaintiffs' Cross-Motion for Summary

1

Judgment as to the statutory interpretation of the National Voter Registration Act ("NVRA"). (Doc. 212.) The Court deferred ruling on Plaintiffs Motion for Summary Judgment on the issue of the violations of Defendants until July 11, 2012. (*Id.*)

Subsequently, on May 9, 2012, Defendants filed a Motion for Certification of this Court's May 3, 2012 Order as Final and Appealable and for Stay of Enforcement Pending Appeal. (Doc. 213.) Plaintiffs opposed this Motion on May 29, 2012. (Doc. 218.) Defendants filed a Reply Brief (Doc. 221) and Plaintiffs filed a Sur-Reply Brief (Doc. 224). The Motion was taken under submission on June 6, 2012.

**LAW & ANALYSIS**

*I.      Certification of Final Judgment Under Rule 54(b)*

Defendants' request for entry of final judgment under Rule 54(b) is denied. Defendants argue that the following factors favor certification under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. §1292(b) of this Court's May 3, 2012 Order and Reasons - (i) the Order and Reasons determined a discrete legal issue as to the interpretation of the NVRA; (ii) a final determination of the legal issue is likely to facilitate the ultimate resolution of the litigation; (iii) the Order and Reasons involve a controlling question of law to which there is a substantial ground for difference of opinion; (iv) uniform application of the NVRA is critical within the Fifth Circuit and nationwide; (v) the United States finds a resolution of this legal question compelling; (vi) the same

2

issue is pending and must be resolved in another court within the Fifth Circuit; (vii) appellate resolution would facilitate settlement and could obviate the need for trial; (viii) once resolved by the appellate court, this discrete legal issue would not have to be decided more than once even if there were subsequent appeals; (ix) certification of final judgment serves the interest of the parties and the administration of justice.

Plaintiffs argue that certification of final judgment under Rule 54(b) is inappropriate. They assert that the Court's Order and Reasons was only a partial ruling that did not fully resolve one or more of the Plaintiffs' claims and that Defendants have not demonstrated hardship that would outweigh the costs of piecemeal appellate review.

A party may move for entry of final judgment under Federal Rule of Civil Procedure 54(b). Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed.R.Civ.P. 54(b).

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Fifth Circuit further explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or

3

injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id*. (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay." *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). This determination is within the sound discretion of the district court. *Id.* In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay . . . ." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

The Court finds that the Defendants have not met their burden of showing that "hardship or injustice" will result from an entry of a final judgment at the conclusion of these proceedings. Specifically, Defendants have failed to convince the Court that any injustice that would result from delaying the appeal outweighs the inconvenience and costs of piecemeal review. In addition to the factors Defendants previously listed, they argue that settlement discussions can hardly proceed when the parties are uncertain as to whether the NVRA includes remote transactions. This Court notes, however, that a party's willingness to settle a case after an interlocutory appeal is not a basis for granting such an appeal under Rule 54(b). Accordingly, the Court denies Defendants' Motion for Certification of Judgment as Final and Appealable under Rule 54(b).

*II.     Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)*

Alternatively, Defendants ask the Court to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  The Court denies this request.

Defendants recite the same nine factors as argument for approving an immediate interlocutory appeal under §1292(b).  Plaintiffs argue, however, that certification of interlocutory appeal under 28 U.S.C. §1292(b) is inappropriate as the three factors required under the statute cannot be met.  They contend that a controlling question of law is not involved because reversal would not terminate this litigation, that there is no substantial ground for difference of opinion because there is no case law contrary to this Court's Order and Reasons, and that immediate appeal would not materially advance the ultimate termination of the litigation but rather would prolong the proceedings.

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order.  28 U.S.C.A. § 1292(b)(West 2012).  For an interlocutory order to be appealable pursuant to the statute, three conditions must be satisfied.  The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation." *Id; Anderson v. Jackson*, No. 06-3298, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007).  The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Nos. 06-

7145, 06-8769, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." *Id.* (quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68-69 (5th Cir. 1983)).

The Court finds that Defendants have not met their burden of showing that interlocutory appeal is appropriate. First, "a question of law is controlling if reversal would terminate the litigation." *Decena v. Am. Int'l Cos.*, No. 11-1754, 2012 WL 1640455, at *2 (*citing Breeden v. Transocean Offshore Ventures*, No. 00-2561, 2001 WL 125343, at *1). While the Court's previous Order related to the application of the NVRA to remote transactions, a reversal would not terminate this litigation, as Plaintiffs' Complaint contains allegations that relate to in-person transactions as well as the amount of assistance that is being provided during both in-person and remote transactions. These allegations must be litigated to a final judgment regardless of any interlocutory appeal.

Next, " the mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion." *Southern U.S. Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. 2011). While such a circumstance can arise if novel or difficult questions of first impression are presented, simply being the first court to rule on a question does not qualify the issue as one over which there is substantial disagreement. *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-724 (N.D. Tex. 2006). Additionally,

the only other Court that has ruled on this issue has interpreted the NVRA similarly. *See Ga. State Conf. of the NAACP v. Kemp*, No. 1:11-CV-1849-CAP, 2012 U.S. Dist. LEXIS 14326 (N.D. Ga. 2012). Accordingly, Defendants have not satisfied their heavy burden of demonstrating the existence of "substantial" disagreement with this Court's previous Order.

Lastly, "in determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery." *In re Stewart*, No. 09-3521, 2009 WL 2461672, at *2 (*citing In re Babcock & Wilcox Co.*, No. 00-1154, 2000 WL 823473 at *2). While Defendants claim that certification of interlocutory appeal would be likely to facilitate a resolution to the litigation, this Court does not agree with these unsubstantiated assertions.

In conclusion, this Court finds that Defendants have not satisfied their heavy burden of demonstrating that the requirements of Section 1292(b) have been met. "As the movants, [defendants] bear the burden of showing that an immediate appeal from the order would materially advance the ultimate termination of the litigation." *Caruso v. Allstate Ins. Co.*, No. 06-2613, 2007 WL 1466824, at *2 (E.D.La. 2007). Defendants have not done so in this case.

**CONCLUSION**

For the foregoing reasons Defendant's Motion for Certification of Judgment as Final and Appealable and for Stay of Enforcement Pending Appeal (Doc. 213) is hereby **DENIED.**

New Orleans, Louisiana, on this 8th day of June, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE