UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY FERRAND ET AL.                                    CIVIL ACTION

VERSUS                                                NO. 11-926

TOM SCHEDLER ET AL.                                   SECTION "H" (2)

## ORDER AND REASONS ON MOTION

This is a National Voter Registration Act case in which two plaintiffs, Luther
Scott, Jr. and the Louisiana State Conference of the NAACP, have sued the Secretaries
of three separate executive departments of the State of Louisiana. Defendant Tom
Schedler's motion to compel further deposition of plaintiffs and for sanctions, Record
Doc. No. 248, is pending before me.  Plaintiffs filed a timely written opposition.  Record
Doc. Nos. 274, 280, 281.  In this motion, Schedler has specified numerous instances in
which he argues that plaintiffs' counsel asserted improper objections and/or instructions
to a witness not to answer in connection with numerous deposition questions, all in an
effort to obstruct and disrupt the orderly questioning of the witnesses.  Schedler requests
both (a) an order overruling the objections and/or instructions not to answer and
compelling responses to the questions, and (b) "an appropriate sanction."  Record Doc.
No. 248 (motion at p. 1 of 4).  "The only resolution is to re-take the depositions to make
inquiry into those areas obstructed in the original depositions and to make further inquiry

where the responses may lead," defendant argues.  Record Doc. No. 248-7 (supporting memorandum at p. 12 of 14).

Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is granted in part and denied in part as follows.

## STANDARDS OF REVIEW

The following rules and general standards apply to this motion, which principally relates to alleged improper objections, instructions not to answer and obstructive conduct by plaintiffs' counsel during depositions, and in a smaller number of instances, refusal of a witness to answer questions, even without his counsel's objection.

When a witness fails to answer a deposition question, either upon instruction from counsel or by his own refusal, a motion to compel and for recovery of attorneys' fees and expenses is the appropriate remedy.  Fed. R. Civ. P. 37(a)(3)(B)(i) and (5).

As to the conduct of lawyers and witnesses at a deposition, Fed. R. Civ. P. 30(c)(2) provides:

> An objection at the time of the examination–whether to evidence, to a party's conduct, . . . to the manner of taking the deposition, or to any other aspect of the deposition–must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection.  An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

The reference to Rule 30(d)(3) relates to a motion "to terminate or limit [the deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."   The Official Advisory Committee Notes to Rule 30(d) explain the problem the rule seeks to remedy:

> Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.  While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. . . .
> 	Directions to a deponent not to answer a question can be even more disruptive than objections.

Official Advisory Committee Notes to 1993 Amendments to Rule 30, Federal Civil Judicial Procedure and Rules at p. 179 (Thomson West Pamph. 2012 rev. ed.)

In addition, Local Rule 43.2 of this court provides:  "Only one attorney for each separate interest may conduct examination of any one witness, or present argument or urge objections concerning the testimony of that witness, except with leave of court."

To determine whether an instruction to a witness not to answer a deposition question on grounds of privilege or work product is appropriate, it is necessary to summarize the substantive law defining those separate but equally important concepts.

In a federal question case such as this one, the common law, as interpreted by United States courts, governs a privilege claim.  Fed. R. Evid. 501.  Federal courts have

looked to various sources to define the federal common law of attorney-client privilege.

Some courts rely on the time-honored Wigmore formulation.

> The elements of the attorney-client privilege are as follows:  (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998) (citations omitted); accord United

States v. Mass. Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997) (quoting 8 J. Wigmore,

Evidence § 2292, at 554 (McNaughton rev. 1961)).

> In addition, proposed Federal Rule of Evidence 503,

provides a useful starting place for our discussion. Although not enacted by Congress, courts have relied upon [proposed Federal Rule of Evidence 503, also known as Supreme Court Standard 503] as an accurate definition of the federal common law of attorney-client privilege. . . .  Consequently, despite the failure of Congress to enact a detailed article on privileges, Standard 503 should be referred to by the Courts.  The most relevant aspect of Standard 503 is its statement of the general rule:

> > A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and his lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

- 4 -

In re Bieter Co., 16 F.3d 929, 934 (8th Cir. 1984) (quoting Supreme Court Standard 503(b); additional citations and quotations omitted).

The court "may also look to state privilege law . . . if it is enlightening." Tennenbaum v. Deloitte & Touche, 77 F.3d 337, 340 (9th Cir. 1996) (citing Lewis v. United States, 517 F.2d 236, 237 (9th Cir. 1975) ("In determining the federal law of privilege in a federal question case, absent a controlling statute, a federal court may consider state privilege law.  But the rule ultimately adopted, whatever its substance, is not state law but federal common law.")).

I find that federal common law and Louisiana statutory law are materially similar concerning the attorney-client privilege.  See Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 720-21 (5th Cir. 1985) ("attorney-client privilege protects communications made in confidence by a  client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from the lawyer to his client, at least if they would tend to disclose the client's confidential communications.") (citations omitted); Soriano v. Treasure Chest Casino, Inc., No. 95-3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) (Berrigan, J.) (federal common law and Louisiana law of privilege are substantially similar).

Louisiana's Code of Evidence provides that a "client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication,

whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client." La. Code Evid. art. 506(B). A communication is "confidential" if it is not intended to be disclosed except "in furtherance of obtaining or rendering professional legal services for the client." Id. art. 506(A)(5).

In addition to communications between a lawyer and the client (or representatives of either one), the Louisiana attorney-client privilege covers communications by the client or his lawyer to a lawyer who represents another party concerning a matter of common interest. Id. art. 506(B)(3).

Communications with attorneys made for purposes other than giving or obtaining an opinion on the law or legal services are not protected by the attorney-client privilege. La. Code Evid. art. 506(B); Soriano, 1996 WL 736962, at *2; In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.); State v. Montgomery, 499 So. 2d 709, 712-13 (La. App. 3d Cir. 1986); accord United States v. Bornstein, 977 F.2d 112, 116-17 (4th Cir. 1992) (citing United States v. Davis, 636 F.2d 1028, 1043 (5th Cir. 1981)); In re Grand Jury Subpoena, 831 F.2d 225, 227-28 (11th Cir. 1987) (citing Davis, 636 F.2d at 1044).

Moreover, "it is axiomatic that the attorney-client privilege only protects disclosure of confidential communications between the client and his attorney; it does not protect underlying facts." Consol. Health Plans, Inc. v. Principal Performance Grp.,

Inc., No. 02-1230, 2003 WL 1193663, at *5 (E.D. La. Mar. 14, 2003) (Knowles, M.J.)

(citing United States v. Edwards, 39 F. Supp. 2d 716, 735 (M.D. La. 1999); Boyd v. St.

Paul Fire & Marine Ins. Co., 775 So. 2d 649, 655 (La. App. 3d Cir. 2000)) (quotation

omitted); accord Succession of Smith v. Kavanaugh, Pierson & Talley, 513 So. 2d 1138,

1150 (La. 1987).

As to work product, "[a]t its core, the work-product doctrine shelters the mental

processes of the attorney, providing a privileged area within which he can analyze and

prepare his client's case."   United States v. Nobles, 422 U.S. 225, 238-39 (1975).

However,

> the work product doctrine does not protect from disclosure everything that
> a party or its agent knows. . . . [I]t does not protect [against] the disclosure
> of underlying relevant facts."   Blockbuster Entertainment v. McComb
> Video, 145 F.R.D. 402, 403-04 (M.D. La. 1992) (emphasis added) (citation
> omitted); accord Bonneau v. F & S Marine, Inc., No. 09-3336, 2010 WL
> 1254552, at *2 (E.D. La. Mar. 25, 2010) (Knowles, M.J.) (citing Upjohn
> Co. v. United States, 449 U.S. 383, 395-96 (1981)); Bross v. Chevron
> U.S.A. Inc., No. 06-1523, 2009 WL 854446, at *5 (W.D. La. Mar. 25,
> 2009) (Methvin, M.J.) (citing 8 Charles Alan Wright, Arthur R. Miller &
> Richard L. Marcus, Federal Practice and Procedure § 2026 (2d ed. 2007)
> . . . ; Freeport-McMoran Sulphur, LLC v. Mike Millen Energy Equip.
> Resource, Inc., No. 03-1496, 2004 WL 1299042, at *5 (E.D. La. June 3,
> 2004) (Roby, M.J.) (citing Upjohn Co., 449 U.S. at 395-96).

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2010 WL 2522968, at *1 (E.D.

La. June 14, 2010) (Duval, J.).

Opinion work product generally includes "'such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses.'" Frazier v. Se. Pa. Transp. Auth., 161 F.R.D. 309, 318 (E.D. Pa. 1995) (quoting Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985)).

Parties resisting discovery by asserting any privilege or work product protection, in this instance the plaintiffs, ordinarily bear an evidentiary burden to substantiate their privilege claim and cannot rely merely on a blanket assertion of privilege. High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman, 768 F.2d at 721); In re Shell Oil Ref., 812 F. Supp. at 661.  "This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts."  P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Coop. 1993). Obviously, during a deposition, the privilege might also be established by the testimony of the witness concerning facts that show the existence of the privilege.

## ANALYSIS

Applying the foregoing principles, I find that defendant's complaints are well-founded in many instances but lacking in merit in a few others.  Thus, the specific

instances of alleged deposition misconduct asserted by defendant are addressed as follows:

(1) <u>Deposition of Luther Scott</u>

On pages 37-38 and 46 of his deposition, plaintiff Scott was asked if he would like to complete a voter registration form and thereby register to vote.  Plaintiffs' counsel twice instructed the witness not to answer on relevance grounds.  Record Doc. No. 248-1 at p. 11 and 13 of 21 (Scott deposition at pp. 37-38, 45).  This is <u>not</u> a valid ground for instructing a witness not to answer.  Fed. R. Civ. P. 30(c)(2).

In their opposition memorandum, plaintiffs now argue that the question was an improper extension of a settlement offer during a deposition and that settlement discussions are inadmissible at trial to prove liability under Fed. R. Evid. 408 and therefore not discoverable.  I do not accept this argument for two reasons.

First, the questioning cannot reasonably be deemed to have been a settlement offer.  Certainly, the question was not posed in a way that elicited, and did not seek a response that might indicate, the kind of acceptance of or quid pro quo for a settlement offer (<u>i.e.</u>, voluntary dismissal of a case and release of all claims in exchange for what is offered) that is the essence of any settlement.  Second, Rule 408 does <u>not</u> prohibit discovery of matters relating to settlement in <u>all</u> circumstances.  Settlement matters, although inadmissible in evidence for some purposes, are both discoverable and

admissible for other purposes.  Fed. R. Evid. 408; 23 C.A. Wright & K.W. Graham, Federal Practice and Procedure § 5308 at 237-38 (1980); Carney v. Am. Univ., 151 F.3d 1090, 1095-96 (D.C. Cir. 1998); Safford v. St. Tammany Parish Fire Prot. Dist. No. 1, No. 02-0055, 2003 WL 1873907, at *5 (E.D. La. Apr. 11, 2003) (Vance, J.); Griffin v. Mashariki, No. 96 CIV. 6400(DC), 1997 WL 756914, at *2 (S.D.N.Y. Dec. 8, 1997); Glaze v. G & B Marine, Inc., No. 95-1845, 1997 WL  20738, at *1 (E.D. La. Jan. 16, 1997) (Fallon, J.); Collins v. Coastline Constr., Inc., No. 92-16, 1992 WL 125328, at *3 (E.D. La. May 25, 1992) (Schwartz, J.); Koch Indus., Inc. v. Columbia Gas Transmission Corp., No. 89-2156, 1990 WL 72789, at *2 (E.D. La. May 29, 1990) (Sear, J.).

Fed. R. Evid. 408, as recently amended, provides in relevant part:

> (a) **Prohibited uses.**–Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim . . . .
> (b) **Permitted uses.**–This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).  Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis added).  The new language in subparagraph (b) clarifies that the listing of permissible purposes contains a nonexclusive list of examples.  The official comment to the amended rule states that

> [t]he intent is to retain the extensive case law finding [former] Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim.  See, e.g.,

> Athey v. Farmers Ins. Exchg., 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith); Coakley & Williams v. Structural Concrete Equip., 973 F.2d 349 (4th Cir. 1992) (evidence of settlement is not precluded by Rule 408 where offered to prove a party's intent ).

Fed. R. Evid. 408 cmt.

In this circumstance, the question was relevant not just to liability but also to standing, another defense in this case, and whether Scott presents an actual case or controversy justiciable in this court. This question and any follow-up questions reasonably related to it must be answered when the deposition is re-commenced.

On pages 54-55 of Scott's deposition, after a recess, the witness was asked, "Did you discuss the testimony that you were giving here today with your attorneys?" In violation of Local Rule 43.2, three (3) attorneys for plaintiffs objected on attorney-client privilege grounds and one instructed the witness not to answer. This was error. As discussed above, only communications are protected by the privilege, not the fact that a communication occurred or the identity of the persons involved. This question – which could have been answered with a simple "yes" or "no" without the revelation of the content of any such communication – did not require revelation of protected communications. It sought information relevant to the credibility of the witness and the weight to be given to his testimony in the event he may have been coached by counsel during the deposition. Although the subsequent statement of one of plaintiffs' counsel

- 11 -

that "we are not going to permit Mr. Scott to testify as to the content of those conversations," Record Doc. No. 248-1 at p. 15 of 21 (Scott deposition at p.55), was correct, the question asked did not seek revelation of any such content, and the instruction not to answer improperly shut down legitimate inquiry. Plaintiffs' offer of a stipulation, which was not accepted on the record, and counsel's own statement as to what occurred, which is not evidence, are not adequate substitutes for the sworn answer of the witness. This question and any follow-up questions reasonably related to it must be answered when the deposition is re-commenced.

Similarly, on pages 60-61 of Scott's testimony, plaintiffs' counsel instructed the witness not to answer when he was asked, "After you were contacted by the attorney, what took place?" This instruction not to answer was overly broad. Again, while counsel was correct in objecting to testimony that might reveal protected communications between plaintiff and his counsel, the question asked what plaintiff did, not what he discussed with his counsel. If the answer is, "I discussed the matter with an attorney," that answer alone does not reveal privileged communications. Reasonably related follow-up questions concerning facts, such as "on what date did this discussion occur?" and "what was the name of the lawyer with whom you had this discussion?," would also not be privileged. When the deposition is re-commenced, the witness must

be instructed to answer the question by describing what he <u>did</u> – without testifying as to the content of any communications between him and his lawyers.

Only limited further examination of Scott concerning the questions he was asked at pp. 59-60 of his deposition will be permitted when his deposition is re-commenced about how he became involved in this litigation.  Although plaintiffs' counsel initially objected and instructed the witness not to answer these questions on privilege grounds, Record Doc. No. 248-1 at p. 3 and 13 of 21 (Scott deposition at pp. 6-7, 45-47), counsel later realized their error in this regard and permitted Scott to be questioned concerning this topic.  <u>Id.</u> at pp. 15-16 of 21 (Scott deposition at pp. 56-60).  With the exception at pages 60-61 noted above, I find that this examination was substantially sufficient as to this topic.

In addition, the erroneous assertion by plaintiffs' counsel of their initial objections and instructions to Scott not to answer needlessly increased the time and expense of conducting this deposition.  Monetary sanctions against plaintiffs and/or their counsel to compensate defendants for some appropriate percentage of their total time spent in this deposition that was unnecessarily wasted by plaintiffs' counsel's conduct will be a sufficient remedy.

    (1)    <u>Rule 30(b)(6) Deposition of La. State Conference NAACP</u>

    (a)    <u>Ernest Johnson</u>

At pages 49 and 50 of his testimony as a designee of the organization at the Rule 30(b)(6) deposition, Record Doc. No. 248-2 at pp. 14 of 92, Johnson was asked if he had discussed his deposition testimony with anyone.   He was not asked what those communications or their content were.  For the same reasons discussed above concerning similar questions directed to Luther Scott, the instruction of plaintiffs' counsel not to answer this question was error.   The motion is granted in that these and reasonably related follow-up questions as to non-privileged facts, such as when the discussions occurred and the identity of who was involved,  must be answered when the deposition is re-commenced.

The motion is denied insofar as it relates to Johnson's lack of knowledge sufficient to answer questions about the entity plaintiff's budget.  Fed. R. Civ. P. 30(b)(6) permits an entity party to designate more than one person to respond to the notice on its behalf. One designee need not have knowledge or provide testimony concerning topics about which he has no knowledge, when another designee can do so.  Both sides have noted in their motion papers that another person with sufficient knowledge has since been designated to provide testimony concerning this topic.  Record Doc. Nos. 248-7 at p. 9

of 14 n.1; 274-1 at p. 19 of 34.  No further examination of Johnson concerning these budgetary topics will be permitted.

On page 83 of his deposition, Johnson was asked, "How did the Louisiana State Conference of the NAACP become involved in this lawsuit?"  Record Doc. No. 248-2 at p. 22 of 92.  Plaintiffs' counsel correctly asserted the following limited objection: "I am going to object to this line of questioning to the extent that it elicits attorney-client communication and work product.  The witness can answer that question to the extent that he can disclose only factual information that does not contain any attorney-client communication or divulge any work product."  Id. (Johnson deposition transcript at p. 83).  The witness then provided vague answers to the question, including a reference to "discussions with the attorneys."  Id. at p. 84.  The follow-up question was also vague ("Can you provide more specifics?"), and it was met with an instruction not to answer on privilege grounds.  This instruction was overly broad.  Thus, the motion is granted in limited part as to this question as follows:  When the deposition is re-commenced, the witness must answer the question by providing any additional responsive testimony concerning facts, if he knows any, such as his own actions or the actions of other members of the organization, but only to the extent that it does not reveal privileged communications or the core opinion work product, such as the mental impressions, strategies or evaluations of counsel.

(b)    Rev. Edward Taylor

Defendant's motion papers appear to complain about an exchange between counsel that occurred on pages 9 and 10 of Rev. Taylor's portion of the entity plaintiff's Rule 30(b)(6) deposition.   Record Doc. No. 248-2 at p. 30 of 92.   I find nothing problematic in this portion of the deposition, so no relief is appropriate as to this colloquy between counsel, and the motion is denied to whatever extent, if any, that it seeks relief as to this exchange.

The motion is granted as to the questions that the witness refused to answer at pages 13 and 14 of his portion of the deposition.   Id. at p. 31 of 92.   The relevance objections, made by the witness himself, not by plaintiffs' counsel, are overruled.   These questions and any follow-up questions reasonably related to them  must be answered when the deposition is re-commenced.

On pages 19-25 of Rev. Taylor's portion of the Rule 30(b)(6) deposition, id. at p. 32 of 92, plaintiffs' counsel erroneously instructed the witness not to answer questions concerning how and under what circumstances he met plaintiff Luther Scott.   Similarly, on pages 42-44 of the deposition, plaintiffs' counsel erroneously instructed the witness not to answer questions concerning Rev. Taylor's performance of a contract on privilege and work product grounds.   These questions seek facts, not privileged communications or opinion work product.   The instructions not to answer on those grounds were improper

- 16 -

and are overruled.  The witness must answer these questions and any follow-up questions reasonably related to them when the deposition is re-commenced.

The motion is granted as to all of the questions and the instructions of plaintiffs' counsel not to answer on pages 81-88 of Rev. Taylor's portion of this deposition.  Record Doc. No. 248-2 at pp. 48-49 of 92.  The questions concerned an error that appeared in a sworn declaration submitted by the witness to the court.  The questions asked how the error was made and sought facts relevant to the credibility and weight to be given to the declaration, not communications between attorney and client or attorney work product. Although the witness provided some responsive information, the objections and instructions of counsel disrupted orderly questioning and prevented him from providing full responses concerning the facts contained in what purportedly is his own sworn statement of fact.  Similarly, on pages 125-26 of his deposition, the witness is asked, "What records did you review, if any, when you made the declaration?"  Record Doc. No. 248-2 at p. 59 of 92.  This question seeks relevant facts about what the witness did – not his counsel – and was reasonably calculated to lead to the <u>identification</u> of relevant documents, not the <u>content</u> of privileged communications or opinion work product.  <u>See</u> Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant . . . including the existence, description, nature . . . of any documents . . . ."); Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring description of documents

withheld from discovery on privilege or work product grounds).  All of the objections and the instructions not to answer are overruled.  When the deposition is re-commenced, the witness must answer the questions and any follow-up questions reasonably related to them with factual responses, not by recounting the content of discussions between him and his counsel or the content of work product materials.

 (c) <u>Alice Harris Lewis</u>

 The motion is granted as to the erroneous instruction of plaintiffs' counsel not to answer on pages 18 and 19 of Ms. Lewis's portion of the Rule 30(b)(6) deposition. Record Doc. No. 248-2 at p. 69 of 92.  The instruction was entirely without basis, either spoken by counsel on the record or conceivable by me.  These questions and any follow-up questions reasonably related to them must be answered when the deposition is re-commenced.

 The motion is denied insofar as it complains about the instruction of plaintiffs' counsel at page 21 of Ms. Lewis's deposition.  The instruction was appropriate and apparently given merely in an effort to prompt  the witness to provide a responsive answer.

 The motion is granted as to plaintiff's counsel's objection and instruction not to answer on page 28 of Ms. Lewis's portion of the deposition.  The question sought a mere fact, not work product or a privileged communication.

(D)     Alvin Lewis

The motion is denied as to Alvin Lewis.  No further examination of Mr. Lewis will be required.

(E)     Jerome Boykin

The motion is denied as to the question asked on pages 88 and 105-06 of Mr. Boykin's portion of the organization's Rule 30(b)(6) deposition.  Record Doc. No. 248-2 at pp. 86-91 of 92.  When read in full context, including the responsive information provided by the witness himself, it appears that the "information" to which these questions and answers refer was part of a conversation or communication with a lawyer for the purpose of giving or obtaining legal advice.

The motion is granted concerning the questions asked on pages 99 and 101 of Boykin's deposition.  The related objections and instructions not to answer on pages 99-100 are overruled because the questions do not seek a privileged communication or opinion work product, but rather seek facts, i.e., the identity of a person performing an action – the handing out of forms – and whether a non-attorney, the national NAACP, was the source of forms.

(3)     Miscellaneous Issues

Throughout these depositions, in instances too numerous to list, plaintiffs' counsel routinely and prolifically interrupted the questioning with unnecessary objections, even

- 19 -

when these objections were not accompanied by improper instructions to the witness not to testify.  These objections were made despite the fact that counsel had entered a stipulation at the beginning of each deposition reserving all objections until trial, except as to the form of the question or the responsiveness of the answer.  Record Doc. Nos. 248-1 at p. 3 of 21 and 248-2 at pp.29, 66 of 92.  Many objections were unnecessary in light of the stipulation.  Their constant assertion needlessly extended the time of the examination and the costs associated with the depositions.  When the fact of the stipulation is coupled with the numerosity and lack of necessity of these kinds of objections, I can only conclude that they were asserted either in misguided over-zealousness or in an intentional effort to obstruct and interfere with the questioning. Monetary sanctions – not unlimited reexamination – are the appropriate remedy for this behavior.

In addition, at numerous instances during these depositions, plaintiffs' counsel violated Local Rule 43.2 when more than one lawyer for the same interest objected simultaneously.  Like the  objections noted above, these violations of the Local Rule added unnecessary time and expense to the depositions that will be remedied by the imposition of monetary sanctions against plaintiffs and/or their counsel.

**CONCLUSION**

For all of the foregoing reasons, IT IS ORDERED that plaintiffs Luther Scott, Jr. and the Louisiana State Conference of the NAACP, through its designees, Ernest Johnson, Rev. Edward Taylor, Alice Harris Lewis and Jerome Boykin, must appear before me in person on **July 31, 2012, beginning at 8:30 a.m.** in my courtroom, Room B-421, United States District Courthouse, 500 Poydras Street, New Orleans, Louisiana, and answer further deposition questions concerning matters as described above. Counsel for defendants must bring their own privately retained court reporter and complete their questioning of all witnesses no later than 5:30 p.m. A 30-minute recess will be taken at 10:30 a.m. so that I may conduct a hearing in another matter, and a one-hour recess for lunch will be permitted. Any follow-up questioning of any witness by plaintiffs' counsel must be deferred until after all questions of all witnesses by defense counsel have been completed. The only counsel for plaintiffs who may participate in these depositions, either through objections, questioning or otherwise, are Ronald Wilson and/or Dale Ho.

IT IS FURTHER ORDERED that all disputes concerning objections and/or instructions not to answer, if any, arising during the July 31st depositions, must be brought to my immediate attention.

IT IS FURTHER ORDERED that all expenses of the July 31st depositions, including all court reporter's fees, the expense of one (1) deposition transcript of each

witness per party, and the reasonable attorneys' fees of defendants' counsel in taking these depositions, must be paid by plaintiffs and/or their counsel.

IT IS FURTHER ORDERED that plaintiffs and/or their counsel of record must pay the reasonable attorneys' fees and expenses incurred by defendants as a result of the additional time and expense caused by their improper objections and instructions not to answer at the previous depositions (i.e., a percentage of the total fees and expenses incurred in the earlier depositions) that are the subject of this motion, as specified above.

Defendants must file one motion to set the amounts of the sanctions awards granted in this order, supported by all necessary affidavits and in the manner required by Local Rule 54.2 and a memorandum in part addressing the percentage of fees and expenses for which compensation is sought, no later than **August 24, 2012**, and notice the motion for submission before me.  Plaintiffs must file one written opposition to the motion in the manner required by Local Rule 7.5.

New Orleans, Louisiana, this _____23rd_____ day of July, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. JANE TRICHE MILAZZO

- 22 -