UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUTHER SCOTT, JR., and LOUSIANA STATE CONFERENCE OF THE NAACP,<br><br>                    Plaintiffs,<br><br>        v.<br><br>TOM SCHEDLER in his official capacity as the Louisiana Secretary of State, RUTH JOHNSON, in her official capacity as Secretary of the Louisiana Department of Children & Family Services, and BRUCE D. GREENSTEIN, in his official capacity as Secretary of the Louisiana Department of Health & Hospitals,<br><br>                    Defendants. | Civil Action No. 2:11-cv-00926-JTM-JCW<br>Section "H" |

**PLAINTIFFS' MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE UNDISCLOSED
DOCUMENTS AND DECLARATIONS FILED BY DEFENDANTS**

Plaintiffs file this Motion to Strike Undisclosed Documents and Declarations because, without regard to their discovery obligations, Defendants—the Secretary of the Louisiana Department of Children & Family Services, Ruth Johnson ("Johnson" or "DCFS"); the Secretary of the Louisiana Department of Health and Hospitals, Bruce Greenstein ("Greenstein" or "DHH"); and the Louisiana Secretary of State, Tom Schedler ("Schedler" or "SOS") (collectively "Defendants")—are seeking to improperly introduce (a) statements by nine new witnesses that Defendants never identified, and (b) seven new documents that were never produced during discovery.

This belated identification of nine (9) new witnesses and production of seven (7) new

exhibits after discovery has closed—and during the course of summary judgment briefing—is highly prejudicial to the Plaintiffs because it denies Plaintiffs any opportunity to pursue related discovery, such as depositions of the new witnesses.  This Court should not countenance Defendants' conduct,respectfully request both that all untimely documents and witness statements and declarations be stricken pursuant to Federal Rule of Civil Procedure 37(c)(1) and that other appropriate sanctions be awarded.

## <u>BACKGROUND</u>

Plaintiffs served their first requests for the production of documents pursuant to Federal Rule of Civil Procedure 34 to both Greenstein and Johnson simultaneously on June 10, 2011. *See* Korgaonkar Decl. Ex. A (Plaintiffs' First Requests for Production to Defendant Johnson ("DCFS Requests"));[1] Korgaonkar Decl. Ex. B (Plaintiffs' First Requests for Production to Defendant Greenstein ("DHH Requests")).

The DCFS Requests and DHH Requests expressly included an instruction that "[t]he documents to be produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, . . . or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of your locations, offices, or in archives or in any other location . . . ." Korgaonkar Decl. Ex. A, at 2 ("Instruction 4"); Korgaonkar Decl. Ex. B, at 2 (same).  Both requests also instruct that "[t]hese document requests are continuing in nature.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant's attorneys are under a *continuing duty* to supplement the production with documents obtained subsequent to the preparation and service

---

[1]  Korgaonkar Decl. Ex. [__]" refers to an exhibit to the Declaration of Natasha M. Korgaonkar, dated August 22, 2012, in support of Plaintiffs' Motion to Strike Undisclosed Documents and Declarations Filed by Defendants Johnson and Greenstein and for Sanctions.

of a response to each Request.  Supplemental responses shall be served and additional documents shall be made available promptly upon discovery of such information."  Korgaonkar Decl. Ex. A, at 6 ("Instruction 22") (emphasis added); Korgaonkar Decl. Ex. B, at 6 (same.)[2]; *see also* Fed. R. Civ. P. 26(e) (a party responding to a request for production must supplement incomplete productions).

Notwithstanding these clear instructions, Defendants nonetheless failed to produce all such documents before the close of discovery.  As discussed more fully below, although fact discovery is long over, Defendants—opposing a summary judgment motion—are improperly attempting to supplement the record by attaching documents that were responsive to Plaintiffs' discovery requests but were not disclosed during the course of discovery, as exhibits to oppositions to summary judgment.

### A.    Declarations from Undisclosed Witnesses

Defendants Johnson and Greenstein both rely on declarations from undisclosed witnesses to oppose Plaintiffs' Motion for Summary Judgment on Liability.

Defendant Johnson includes as exhibits to her Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("DCFS Opposition") three additional declarations from the following previously undisclosed individuals:

- Shawn Banks, a Social Services Analyst II, Doc. 297-6;

- Yolanda Ash, a Social Services Analyst II, Doc. 297-7; and,

- Diane Martin, a Program Operations Manager, Doc. 297-9.

*See* Korgaonkar Decl. Ex. E (Johnson Declarations from Undisclosed Witnesses).

---

[2]     These same instructions also appear in Plaintiffs' Second Sets of Requests for the Production to Defendant Greenstein ("2nd DHH Requests") (Korgaonkar Decl. Ex.C at 2 ("Instruction 4")), and in Plaintiffs' Second Sets of Requests for the Production to Defendant Johnson ("2nd DCFS Requests") .  (Korgaonkar Decl. Ex. D, at  6 ("Instruction 22")), served on September 30, 2011.

Defendant Greenstein relies on six declarations as exhibits offered in support of his Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("DHH Opposition") (Doc. No. 307), and his Supplemental Opposition to Plaintiffs' Motion for Summary Judgment ("DHH Supplemental Opposition") (Doc. No. 311), from the following previously undisclosed Medicaid analysts:

- Jeannie Tarver, Docs. 307-8, 311-7;

- Christine Couvillon, Docs. 307-9, 311-8;

- Vivian Carter, Doc. 311-9;

- Jackie Davis, Doc. 311-10;

- Mary Louise Anderson, Doc. 311-13; and

- Todd Guillory, Doc. 311-13.

*See* Korgaonkar Decl. Exh. F (Greenstein Declarations from Undisclosed Witnesses)

Each of these individuals is a long-term employee of the Defendant proffering his or her declaration, and all of the information provided in the declarations relates to issues long known to all parties in this case.  Nonetheless, these individuals were not included in Defendants Johnson's or Greenstein's Statement of Initial Disclosures (Korgaonkar Decl. Exs. G and H, respectively), identified in discovery, nor listed in Defendants' pre-trial witness statements (Doc. Nos. 225, 230-1).

### B.    Undisclosed Documents

Defendant Greenstein's DHH Opposition and Supplemental DHH Opposition include as an exhibit the Medical Vendor Administration Policy as of February 27, 2012.  *See* Korgaonkar Decl. Ex. I (Greenstein Undisclosed Documents).

Though this document is responsive to numbers 7, 8, 9 and 15 of the DHH Requests and to number 1 of the 2nd DHH Requests,[3] it was never produced to Plaintiffs during the course of discovery.

Moreover, Defendant Johnson, in her DCFS Opposition, relies on the following six *new* pieces of evidence that, though responsive to Plaintiffs' document requests, were not produced to Plaintiffs[4]:

- Doc. 297-10, pp. 36-50. An OFS 4APP application form for DCFS assistance, dated July 2012. This document is responsive to number 7 of the DCFS Requests. *See* Korgaonkar Decl. Ex. A at 12;

- Doc. 297-12, pp. 12-14. Child Care Assistance Program Report of Changes Form, dated March 2012. This document is responsive to number 11 of the 2nd DCFS Requests. *See* Korgaonkar Decl. Ex. D at 10;

- Doc. 297-14. C-200/C-210 Policies, which outline the general policies, procedures and responsibilities of DCFS employees with respect to the National Voter Registration Act ("NVRA") and is dated March 1, 2012. This document is responsive to numbers 6, 7 and 8 of the DCFS Requests. *See* Korgaonkar Decl. Ex. A at 12;

- Doc. 297-15. A Voter Registration Declaration Statement for Change of Address and training materials for DCFS employees on its distribution, dated September 1, 2012. This document is responsive to numbers 6, 7 and 8 of the DCFS Requests. *See* Korgaonkar Decl. Ex. A at 12;

- Doc. 297-19, pp. 2-9. Interview Procedures for FITAP (dated March 1, 2012) and SNAP (dated December 1, 2011) Applications. This document is responsive to numbers 6, 7, and 8 of the DCFS Requests. *See* Korgaonkar Decl. Ex. A at 12;

- Doc. 297-7, pp. 4-26 (also submitted by Defendant Schedler as Doc. 309-5). An application for benefits from the DCFS file of Plaintiff Luther Scott. This document is responsive to Request 9 of the DCFS Requests. *See* Korgaonkar Decl. Ex. A at 12.

---

[3]     Greenstein produced earlier versions of this document, thereby conceding that it is responsive to Plaintiffs' document requests.

[4]     In addition to these six responsive documents that were previously unproduced, Johnson also attaches three additional documents that were never produced during the discovery period but were not requested by Plaintiffs and are irrelevant to any material matter before the Court. *See* Docs. 297-8, p. 36 (email from counsel); 297-13 (DSNAP Policy); 297-18 (employee notifications).

*See* Korgaonkar Decl. Ex. J (Johnson Undisclosed Documents).

Of these six documents, the first five were never produced to Plaintiffs *at all*.[5]  The sixth

document was produced to Plaintiffs on August 3, 2012—three days after the close of discovery

for the issue of standing (Doc. 288), more than three weeks after the close of general discovery

and more than one month after Plaintiffs filed their motion for summary judgment—when DCFS

made a "supplemental production" to Plaintiffs in response to Request Nine of the DCFS

Requests ("Request 9"), consisting of previously unproduced documents from the DCFS case

file of Plaintiff Luther Scott, Jr.  *See* Korgaonkar Decl. Ex. K (Letter from Celia Alexander

Regarding Supplemental Production).[6]

While DCFS had previously produced documents in response to Request 9 on February

15, 2012, it failed to produce these particular documents.  DCFS's only explanation for its failure

to produce these "supplemental" documents in a timely manner was that the documents were

located at DCFS's Orleans Parish office, rather than at DCFS's central "State Office" located in

Baton Rouge."  *See* Korgaonkar Decl. Ex. D (DCFS Letter and E-mail, dated Aug. 3, 2012).

Fact discover in this case closed on July 12, 2012 (with the sole exception of certain depositions,

which concluded July 31, 2012).  *See* Doc. 286, 288.

Having failed to produce these documents during discovery, and after Plaintiffs filed their

Motion for Summary Judgment on Liability (Doc. 241), Defendants now seek to use these

documents despite the fact that Plaintiffs were deprived of the opportunity to use or to examine

the belatedly produced documents through any form of discovery.  Because Defendants' failure

to disclose is both prejudicial and unjustifiable, these declarations and affidavits should be

---

[5]       Johnson produced earlier versions of these various documents, thereby conceding that they are responsive
to Plaintiffs' document requests.
[6]       Additionally, the supplemental production was itself incomplete, as it included only odd-numbered pages
of at least one of the documents included therein.

excluded, and Defendants should be sanctioned, under FRCP 37(c)(1).

## LAW AND ARGUMENT

**I.     Defendants Should Not Be Permitted To Introduce Documents and Declarations That Were Not Timely Disclosed.**

The Federal Rules of Civil Procedure require litigants to abide by discovery obligations to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)); *see also Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993); *Holton v. S & W Marine, Inc.*, Civ. No. 00-1427, 2000 WL 1693667, at *4 (E.D. La. Nov. 9, 2000).

As an initial matter, parties must make their initial disclosures "within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). As part of these disclosures, each party must reveal information about "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). If a party learns that its initial disclosures are incomplete, and if the additional information was not otherwise made known to opposing counsel during the discovery process, then the party has an affirmative obligation to supplement its disclosures "in a timely manner." FED. R. CIV. P. 26(a)(1)(A).

Where a party attempts to use information that was neither disclosed nor produced in response to a discovery request, an automatic sanction is provided by Rule 37(c)(1), which provides that, "[i]f a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "A failure to disclose under Rule 37 includes . . . a party's untimely production of documents and information required

to be produced." *Morin v. Chevron U.S.A. Inc.*, No. 11-45, 2012 WL 2116368, at *7 (E.D. La. June 11, 2012).

In their efforts to avoid summary judgment, Defendants have improperly attempted to supplement their oppositions with numerous pieces of documentary evidence not produced during discovery, as well as with declarations from individuals who were not disclosed at any point prior to the close of discovery.  Nearly every piece of the undisclosed documentary evidence presented in conjunction with Defendants' summary judgment motions (with the sole exception of Doc. No. 297-10 (pp. 36-50), dated July 2012, and Doc. 297-15, dated September 1, 2012) were in the control of Defendants and are dated months before the end of discovery.[7]

Where, as here, a party attempts to introduce documents and witnesses that were not properly and timely disclosed, "[e]xclusion of the evidence [under Rule 37(c)(1)] is *mandatory and automatic* unless the party demonstrates substantial justification or harmlessness."  *Red Dot Bldgs.*, 2012 U.S. Dist. LEXIS 78957, at *8 (emphasis added) (citing *Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996); *see also Caskey*, 83 F.3d 418 (finding the district court's failure to apply sanctions under Rule 37(c)(1) to be an abuse of discretion).  Defendants offer neither.  Accordingly, exclusion is appropriate.

## II.     Defendants' Attempt To Use New Evidence Is Neither Substantially Justified nor Harmless

The Fifth Circuit applies the following four-factor test to determine whether late-produced material is substantially justified or harmless: "(1) the explanation for the party's

---

[7]     Moreover, even though the final versions of the documents were dated after the close of discovery (and in the case of Doc. 297-15, after the current date), Defendants give no reason why draft versions—which seem likely to have existed for at least some time prior to their final date—could not be provided to Plaintiffs, or at the very least, why Defendants could not have made Plaintiffs aware that these new documents even existed.  Defendants' reasonable diligence should have uncovered these documents.  *See Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-01201 Section: "S" (4), 2008 U.S. Dist. LEXIS 47712, at *19-20 (E.D. La. June 20, 2008) (sanctioning defendants for failure to produce documents over which the defendant "had control . . . even though it did not physically possess its documents"); *Albemarle Corp. v. Chemtura Corp.*, No. 05-1239-JJB-SCR, 2008 U.S. Dist. LEXIS 120509 (M.D. La. June 23, 2008) (same).

failure to disclose; (2) the importance of the evidence; (3) the potential prejudice to the opposing party from including the evidence; and (4) the availability of a continuance." *Gonzales v. State Farm Mut. Auto Ins. Co.*, No. 10-3041, 2011 WL 2607096, at *4 (E.D. La. July 1, 2011) (citing *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)); *see also Terrance v. Pointe Coupee Parish Policy Jury*, No. 05-30045, 2006 WL 1153732, at *1 (5th Cir. 2006). In applying these factors, "the burden is on the party facing the sanctions . . . to demonstrate that the failure [to disclose] is substantially justified or harmless." Wright & Miller Fed. Prac. & Proc. Civ. § 2289.1 (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)). All of these factors weigh heavily against the Defendants and necessitate striking the previously undisclosed evidence and declarations.

A.   Defendants Have Failed to Explain Their Lack of Timely Disclosure

Defendants' have provided no adequate explanation for their failure to disclose the new documents and declarants. Indeed, Defendant Greenstein has offered no explanation whatsoever for why he was unable to disclose his new declarants and documents before his latest opposition papers, and it would be difficult to proffer such a justification because all of the new declarants are Greenstein's own employees, most of whom have worked at DHH for multiple years.[8] Similarly, the documents that Greenstein now attempts to add to the record could have and should have been produced long ago. The Medical Vendor Administration Policy—which was created February 2, 2012, well before the July 12 close of discovery—was certainly in DHH's custody and control, yet was never produced. As a result, these additional materials should be stricken.

Like Defendant Greenstein, Defendant Johnson has not offered any explanation for her

---

[8] Mary Louise Anderson states that she has worked at DHH since 2003 (Doc. 311-13, ¶ 1); Vivian Carter, since 2008 (Doc. 311-9 ¶ 1); Christine Couvillon, since 2007 (Doc. 311-8 ¶ 1); Jackie Davis, since 2010 (Doc. 311-10 ¶ 1); and Jeannie Tarver, since 1998 (Doc. 311-7). *See* Korgaonkar Decl. Ex. F.

failure to disclose her new declarants, and in fact does not claim that the documents in question were outside of the custody and control of DCFS prior to the July 12, 2012 close of discovery. *See* Korgaonkar Decl. Ex. K.  Moreover, Defendant Johnson offers no explanation for why five of the six new documents were never produced to Plaintiffs.

With respect to the sixth document, the application from Plaintiff Scott's DCFS file,[9] Defendant Johnson argues that those documents were previously undiscovered because they were located at a parish office in New Orleans—the parish in which Mr. Scott resides and in which he has applied for benefits—rather than the DCFS State Office in Baton Rouge.  *See* Korgaonkar Decl. Ex. K.  But such documents were clearly called for in the DCFS Request (Instruction Four defines "custody, control, or possession" as including local offices)—and ought to have been produced.

Request Number nine in the DCFS Requests sought files from DCFS only with respect to Plaintiff Luther Scott,[10] who applied for benefits *at the DCFS office located in New Orleans.  See* Doc. 168-7 (Pl.'s Partial Summ J. Ex. 66, Scott Decl. ¶¶ 8-9, 18-20).  Thus the request did not require DCFS to search through records at each of its Parish offices throughout Louisiana, but only those records at the central State Office and the Orleans Parish office. Defendant Johnson's failure to thoroughly review documents pertaining to Mr. Scott at the office where he obtained services is sanctionable under Rule 37.  *Morin*, 2012 WL 2116368, at *7 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, *or by failing to examine records within its control*." (emphasis added)).

---

[9] *See* Doc. 297-7, pp. 4-26; Doc. 309-5; Korgaonkar Decl. Ex. J.
[10] Former Plaintiff Roy Ferrand was withdrawn voluntarily from this case on February 6, 2012.  Doc. No. 126.

Moreover, neither Defendant can provide any substantial reason for why they have now come forward with nine new declarants and a similar number of exhibits and documentary evidence—and that is because no substantial reason exists.  The lack of sufficient explanation weighs heavily against allowing this evidence not only for purposes of Defendants' opposition to summary judgment, but also in trial in this action.

B.   Defendants' New Documents and Declarations Are Not Sufficiently Important to Warrant Inclusion

The second factor—the importance of the evidence—also weighs against the Defendants. As a threshold matter, the supplemental documents and declaration are not essential to either Defendant's defense.  *Cf. CQ, Inc.*, 565 F.3d at 280 (excluding from evidence calculations of damages that plaintiff had not timely disclosed).  One of the documents Johnson seeks to introduce pertains to one 2011-2012 benefits transaction between DCFS and Plaintiff Scott that occurred *after* the filing of this lawsuit.  Although Defendants argue that these documents show that Mr. Scott lacks standing in this lawsuit, (*see* Doc. 297, DCFS Opp. Br. at 9-11), this argument therefore fails.

Moreover, DCFS's noncompliance with the NVRA with respect to Mr. Scott is capable of repetition, and the agency should therefore not be released from liability based on a single transaction alone that occurred after filing.  Mr. Scott is intermittently homeless, and therefore is likely to change addresses (and to engage in a covered transaction to change his address with respect to his DCFS file) in the future, as he has in the past.  DCFS is making a transparent attempt to moot Mr. Scott's claim because, during the pendency of this litigation, it supposedly offered him the opportunity to register in one recent transaction.  This should not be dispositive of the question of his standing—particularly when it is probable that Mr. Scott will continue to engage in covered transactions with DCFS in the future. *See Hornbeck Offshore Servs., LLC v.*

*Salazar*, No. 10-30585, 2010 WL 3219469, at *4 (5th Cir. Aug. 16, 2010) (holding that "[s]ome injuries occur and are over so quickly that they always will be moot before the federal court litigation process is completed.  When such injuries are likely to recur, the federal court may continue to exercise jurisdiction over the plaintiff's claim notwithstanding the fact that it has become moot." (internal quotations and citations omitted)).

The rest of Defendant Johnson's documents, and the declarations and documents that Defendant Greenstein seeks to introduce relate only to DCFS's and DHH's post-litigation remedial measures and are therefore of little or no importance to any claim or defense in this case.  Furthermore, even if this Court were to find that the new, undisclosed materials were important, any such importance is outweighed by Defendants' failure to timely disclose such information.   The court in *Red Dot Bldgs.*, 2012 U.S. Dist. LEXIS 78957, concluded that "even if [certain test results] are somewhat important to Red Dot's cause, as it suggests, the importance of the tests 'cannot singularly override the enforcement of local rules and scheduling orders.'" *Id.* at *15 (quoting *Rushing v. Kansas City S. Ry.*, 185 F.3d 496, 509 (5th Cir. 1999)).  Moreover, the court further observed that the "importance of the test results is outweighed by the fact that Red Dot could have simply performed the tests before the deadline.  If that proved infeasible, Red Dot was not without recourse—it could have easily filed a motion seeking leave to conduct them later." *Id.*

    C.    <u>Allowing Defendants To Introduce New Documents and Declarants Would Prejudice Plaintiffs</u>

The documents that Defendants seek to introduce would prejudice Plaintiffs, as Plaintiffs have had no opportunity to verify the documents' authenticity or accuracy, to examine these newly produced records through the discovery process, to question any witnesses regarding the documents, or to use these documents to refresh the recollection of witnesses.  Indeed, allowing

Defendants to introduce these documents would permit them to ambush Plaintiffs by unilaterally developing the record after the close of discovery without giving Plaintiffs any opportunity to examine or test these new materials.  Such conduct would be particularly prejudicial to Plaintiffs, because Defendants have denied Plaintiffs the opportunity to respond.  Defendants cannot be permitted to alter the evidentiary record in such a way that gives Plaintiffs no opportunity to examine that record and then seek to rely upon the very documents that Plaintiffs have not been able to examine.

The inclusion of the various declarations improperly submitted by Defendants would also prejudice Plaintiffs, as Plaintiffs cannot depose the new witnesses or otherwise test the veracity of their declarations with trial just over two months away.  Indeed, the court in *Century Aluminum* found *per se* prejudice where new witnesses were identified at a far earlier stage in the proceedings:

> Plaintiffs argue that their Ninth Disclosure was timely within the meaning of Rule 26(e) because it was served on the last day of the period for deposing fact witnesses.  This argument is unavailing.  The purpose of Rule 26(a) disclosures is to give adversaries fair notice of what evidence upon which the disclosing party may rely so that the adversary may take appropriate discovery.  Identifying new witnesses for the first time on the last day of the period for deposing such witnesses is not timely for the purposes of Rule 26(e) because it deprives the disclosing party's adversary of the opportunity to use the discovery process to learn what testimony the named witness might give.

*Comm'r of the Dep't of Planning and Natural Res. v. Century Aluminum Co.*, No. 1:05-cv-00062, 2012 WL 2135287 (D.V.I. June 13, 2012).  Therefore, when, as here, the witness is first disclosed in response to a summary judgment motion, long after discovery has concluded, the prejudice would be even greater, thus warranting exclusion.

      D.     <u>This Court Has Already Indicated that It Disfavors a Continuance</u>

Finally, the fourth factor—the availability of a continuance—also weighs against Defendants.  Under this factor it is necessary to determine whether the prejudice resulting from

Defendants' use of new documents can be mitigated by a continuance to permit additional discovery. *See Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007). For example, a court may seek to mitigate the prejudice by extending the discovery period to permit depositions of the new declarants regarding the new documents. However, this Court has already indicated that it disfavors a continuance,[11] summary judgment briefing has already commenced, and oral argument on the summary judgment motion and trial have already been scheduled for September 5 and October 15, respectively. *See Gonzales v. State Farm Mut. Auto. Ins. Co.*, No. 10-3041, 2011 U.S. Dist. LEXIS 71257 (E.D. La. June 30, 2011) ("[N]ot only has the deadline for discovery been exceeded, but it is also now approaching the eve of trial . . . . Accordingly, the admission of [new] evidence . . . would not be harmless . . . .").

Having successfully opposed Plaintiffs' motion to set a discovery schedule and avoid *ad hoc* continuances leading up to trial (Doc. 234), Defendants have already requested several continuances, both in discovery deadlines and in summary judgment briefing. *See, e.g.*, Doc. Nos. 105; 284. Defendants have also successfully sought limited discovery beyond the July 12 cut-off date, with which Plaintiffs have complied. Doc. Nos. 285; 286. The Defendants have had more than ample time to respond to Plaintiffs' discovery request.

## III.   Defendants' Violation of the Discovery Rules Warrants Sanctions

Defendants' inappropriate and untimely attempt to introduce multiple declarations, witnesses, and documents over a month after the close of discovery and close to trial violates their continuing disclosure and discovery obligations under the Federal Rules of Civil Procedure,

---

[11]     Should the Court deny this motion to strike, Plaintiffs request in the alternative that discovery be reopened, on an accelerated timeline as to minimize disruptions to the Court's schedule, for the limited purposes described herein. Plaintiffs, however, recognize the burdensome nature of deposing an additional nine witnesses at this late date, and accordingly primarily seek the relief of striking the undisclosed documents and declarations. As explained above, extending the discovery period at this late a date would not cure the prejudice to Plaintiffs, and would likely upset the existing case management schedule by requiring re-briefing of summary judgment and continuing the trial date yet again. This matter has been pending for over a year, and should be resolved on the record properly before the Court.

and warrants sanctions for those violations.  Rule 37 of the Federal Rules of Civil Procedure

provides, in relevant part that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (a) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (b) may inform the jury of the party's failure; and
> >
> > (c) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1).

Defendants' failure to provide this laundry list of declarants and documentary evidence

until long after the end of discovery is sanctionable.  *See Yelton v. PHI, Inc.*, 279 F.R.D. 377,

385 (E.D. La. 2011) ("A failure to disclose under Rule 37 includes not only spoliation of

evidence, but also a *party's untimely production of documents and information required to be*

*produced*. . . . A party's *failure to supplement* an earlier discovery response is sanctionable under

Rule 37(c)." (citation omitted) (emphasis added)).

In addition to preventing the Defendants from using these late additions as evidence

supporting their summary judgment motions, or in any hearing or at trial, *see* Fed. R. Civ. P.

37(c)(1), the Fifth Circuit has explained that additional sanctions under Rule 37 are appropriate

when a party displays "willful disobedience, *gross indifference to the right of the adverse party,*

*deliberate callousness*, or gross negligence" in complying with their responsibilities under the

Rules.  *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also*

*J.D. v. Nagin*, NO: 07-9755 Section: "B" (4), 2009 U.S. Dist. LEXIS 15112, at *8-9 (E.D. La.

Feb. 11, 2009).  This Court is justified in awarding sanctions for Defendants' failure to bring

forth this documentary evidence and these declarants—all of which appears to be "obstructive

behavior."  *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11

(5th Cir. 1993) (noting that the courts retain broad discretion to fashion sanctions for

"obstructive" or other bad faith conduct under the Federal Rules of Civil Procedure or a court's

inherent power).  Failures to satisfy discovery requirements may avoid sanctions only where the

failure is "due to inability fostered neither by its own conduct nor by circumstances within its

control."  *Dorsey*, 423 F.2d at 860.  This is simply not the case here.

Defendants could have—and should have—produced all of the documents (and disclosed

all the witnesses) they now seek to introduce during fact discovery.  *See Paulsen v. State Farm

Ins. Co.*, Civ. No. 06-9546, Section I/1, 2008 U.S. Dist. LEXIS 12096 (E.D. La. Feb. 15, 2008)

(holding pursuant to Rule 37 that all witnesses not disclosed prior to the filing of plaintiff's

witness list were stricken and their testimony excluded from use, along with all exhibits not

previously disclosed); *see also Albemarle Corp. v. Chemtura Corp.*, No. 05-1239-JJB-SCR,

2008 U.S. Dist. LEXIS 120509 (M.D. La. June 23, 2008) (granting sanctions, noting:  "These

documents [produced weeks after the close of discovery] were created and/or maintained by the

defendant's employees. If the defendants were not aware of the existence of these documents,

their ignorance was entirely self-imposed. Defendants put on blinders and now seek to excuse

their conduct because they cannot see.").  These significantly delayed and prejudicial disclosures

demonstrate that Defendants have failed to exercise due diligence with respect to their discovery

obligations.  *See Dorsey*, 423 F.2d at 860 (holding that sanctions are proper unless the party's

failure was due to circumstances beyond its control and was not fostered by its own conduct).

Under these circumstances, exclusion is a "mandatory and automatic" sanction.  Fed. R.

Civ. P. 37(c)(1) ("party [violating discovery obligations] is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Red Dot Bldgs.*, 2012 U.S. Dist. LEXIS 78957, at *8-9 ("Exclusion of the evidence *is mandatory and automatic* unless the party demonstrates substantial justification or harmlessness." (emphasis added)); *see also Quanta Servs., Inc. v. Am. Admin. Group, Inc.*, 384 Fed. Appx. 291, 295 n.2 (5th Cir. 2008) ("Fed. R. Civ. P. 37(c)(1) imposes a *mandatory sanction prohibiting the introduction of evidence* that, without substantial justification, has not been disclosed as required by Rule 26(a) unless the failure to disclose is harmless." (emphasis added)).

These additional disclosures should therefore be stricken and precluded from use as evidence at summary judgment or in the swiftly approaching trial. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572-73 (5th Cir. 1996) (holding that a defendant's failure to "adhere to discovery deadlines" justified the sanction of striking the testimony at issue").

The Court should also grant Plaintiffs the reasonable expenses, including attorney's fees and costs, in connection with filing this motion. *See Canon U.S.A.*, 2008 U.S. Dist. LEXIS 47712, at *19-20 (including attorney's fees as part of a sanctions order for costs caused by defendant's discovery misconduct because the defendant failed to produce documents over which the defendant "had control . . . even though it did not physically possess its documents").

The Court is empowered and has the discretion to fashion an appropriate remedy for Defendants' blatant violations of their discovery obligations and belated attempt to sneak prejudicial evidence into trial, to which Plaintiffs cannot properly respond. Plaintiffs respectfully request that this Court exclude the new documents and declarations; award costs for making this

motion, and impose whatever additional sanctions the Court in its discretion deems appropriate.

Respectfully submitted,

/s/ Natasha M. Korgaonkar_____
Natasha M. Korgaonkar
(nkorgaonkar@naacpldf.org)*
Debo P. Adegbile
Elise C. Boddie
Ryan P. Haygood (rhaygood@naacpldf.org)*
Dale E. Ho (dho@naacpldf.org)*
NAACP Legal Defense & Educational Fund, Inc.
(New York)
99 Hudson St., Suite 1600
New York, NY 10013
212-965-2200
*MOTION FOR ADMISSION PRO HAC VICE
GRANTED

Ronald Lawrence Wilson
(cabral2@aol.com)
Ronald L. Wilson, Attorney at Law
701 Poydras Street, Suite 4100
New Orleans, LA 70139
504-525-4361

Michael B. de Leeuw
(michael.deleeuw@friedfrank.com)*
Israel David (israel.david@friedfrank.com)*
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
*MOTION FOR ADMISSION PRO HAC VICE
GRANTED

Sarah Brannon (sbrannon@projectvote.org)*
Niyati Shah (nshah@projectvote.org)*
Michelle Rupp (mrupp@projectvote.org)*
Project Vote
1350 Eye Street NW , Suite 1250
Washington, DC 20005
202-546-4173
*MOTION FOR ADMISSION PRO HAC VICE
GRANTED

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22 of August, 2012, I electronically filed the foregoing Memorandum in Support of Motion to Strike Declarations and Documents Filed by Defendants Johnson and Greenstein and for Sanctions with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to any non-CM/ECF participant.

/s/ Natasha M. Korgaonkar

8719512