UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROY FERRAND, LUTHER SCOTT, JR., and
LOUISIANA STATE CONFERENCE OF
THE NAACP, for themselves and all other
persons similarly situated,

       v.

TOM SCHEDLER in his official capacity as
the Louisiana Secretary of State, RUTH
JOHNSON, in her official capacity as
Secretary of the Louisiana Department of
Children & Family Services, and BRUCE D.
GREENSTEIN, in his official capacity as
Secretary of the Louisiana Department of
Health & Hospitals,

CIVIL ACTION NO. 2:11-00926
JTM - JCW

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW
## BY DEFENDANT LOUISIANA SECRETARY OF STATE

Defendant, Tom Schedler, in his official capacity as Louisiana Secretary of State, submits the following Findings of Fact and Conclusions of Law:

## PROPOSED FINDINGS OF FACT

1. Luther Scott, Jr., did not provide written notice to defendants of a violation of the NVRA by which he claimed to be aggrieved as required by 42 U.S.C. § 1973gg-9(b)(1). Angie Rogers, SOS 12.

2. Luther Scott, Jr., has been registered to vote in the State of Louisiana since June 10, 2008. Angie Rogers/Sandra Wilson, SOS 6, SOS 7, SOS 10, and SOS 11.

3. Since the effective date of his registration to vote on June 10, 2008, Luther Scott, Jr., has been eligible and entitled to vote in all federal elections held in Orleans Parish, Louisiana.

-1-

Angie Rogers, La R.S. 18:110, 521.

4.   Luther Scott, Jr., has never voted nor attempted to vote in an election. Luther Scott, Jr., SOS 10.

5.   Luther Scott, Jr., completed two Louisiana voter registration applications during neighborhood voter registration drives, one dated 5/23/08 and the other dated 8/1/08. Luther Scott, Jr., Angie Rogers/Sandra Wilson, SOS 6.

6.   Luther Scott, Jr. declined the opportunity to register to vote when he applied for food stamps through DCFS on September 1, 2009, and again on December 19, 2011. Shawn Banks, Yolanda Johnson Ash, SOS 3, SOS 4.

7.   Luther Scott, Jr., declined the opportunity to register to vote in response to a letter from DCFS executive counsel Amy Colby dated June 23, 2011, in response to DCFS's legal counsel's offer to register during Scott's deposition taken on May 10, 2012, and in response to DCFS's counsel's offer in Scott's second deposition on July 31, 2012. Luther Scott, Jr., SOS 1, SOS 2, SOS 5.

8.   Luther Scott, Jr., declined each and every documented opportunity to register to vote offered by employees and representatives of DCFS. Shawn Banks, Yolanda Johnson Ash, SOS 1, SOS 2, SOS 3, SOS 4.

9.   The statement made by Luther Scott, Jr., in the Declaration of Luther Scott, Jr. (Doc 173-6), "I have not declined to register to vote in writing during the benefits application or renewal process" with respect to food stamps (SNAP) is not a true statement. Luther Scott, Jr., SOS 3, SOS 4.

10.   The statement made by Luther Scott, Jr., in the Declaration of Luther Scott, Jr., (Doc 173-6)

"At no time during the benefits application or benefits renewal process, has anyone asked me

if I would like to register to vote" with respect to food stamps (SNAP) is not a true statement.

Luther Scott, Jr., Shawn Banks, Yolanda Johnson Ash, SOS 3, SOS 4.

11.    Luther Scott, Jr.'s testimony and declarations to the court were unreliable, whether

attributable to failure of recollection or other reasons, and his testimony cannot be credited.

Luther Scott, Jr., Shawn Banks, Yolanda Johnson Ash, Angie Rogers, SOS 1, SOS 2, SOS

3, SOS 4, SOS 10, SOS 11.

12.    Luther Scott, Jr., has not been injured or aggrieved by a violation of the NVRA on the part

of any defendant.  Luther Scott, Jr., Shawn Banks, Yolanda Johnson Ash, Angie Rogers,

SOS 1, SOS 2, SOS 3, SOS 4, SOS 10, SOS 11.

13.    The Louisiana State Conference of the NAACP has not expended funds, reallocated

resources nor devoted resources to voter registration drives in the State of Louisiana.  Ernest

Johnson, SOS 38, SOS 39 and SOS 40.

14.    There is no traceable connection between any fund or resource expenditure by the Louisiana

State Conference of the NAACP and any NVRA voter registration activities of the

Defendants.  Ernest Johnson, Edward "Chipps" Taylor, Jr., SOS 38, SOS 39 and SOS 40.

15.    The Louisiana State Conference of the NAACP did not allege or plead that its members were

injured or aggrieved by the conduct of the defendants.  Complaint (Doc 1), SOS 12.

16.    Expenditures for the years 2009 and 2010 by the Louisiana State Conference of the NAACP

were related to the census count and to phone banking with a secondary goal of increasing

NAACP membership.  SOS 38, SOS 39 and SOS 40.

17.    There was no direct, concrete and particularized injury to the Louisiana State Conference of

the NAACP that occurred as a result of any conduct by the defendants. Ernest Johnson, SOS 38, SOS 39 and SOS 40.

18.    There is no causal connection with any alleged injury to the Louisiana State Conference of the NAACP and the challenged action of the defendants. Ernest Johnson, SOS 38, SOS 39, SOS 40.

19.    The Louisiana State Conference of the NAACP does not "target" public assistance applicants or recipients with respect to any voter related activities that they do conduct. Ernest Johnson.

20.    The Secretary of State, as chief elections officer of the State of Louisiana, and its predecessor agency, Louisiana State Commissioner of Elections, assisted in the implementation of and coordinated the National Voter Registration Act (NVRA) among Louisiana agencies and entities involved in the voter registration process in accordance with the terms of the NVRA and the Federal Elections Commission's "Implementing the National Voter Registration Act of 1993: Requirements, Issues, Approaches and Examples". Elsie Cangelosi, SOS 19.

21.    At the inception of the implementation of the NVRA, the Commissioner of Elections attended conferences held by the Federal Elections for the state, attended conferences held by the Federal Elections Commission, drafted state legislation, developed forms, created training/instruction materials, conferred with agency heads, conducted training, designated and instructed additional voter registration agencies. Elsie Cangelosi, SOS 17, SOS 18, SOS 19, SOS 20, SOS 21, SOS 22, SOS 23, SOS 24, SOS 25, SOS 26, SOS 27, SOS 28 and SOS 29.

22.    The Louisiana Chief Elections officer's training materials for the NVRA have been revised and updated periodically since the implementation of the NVRA, and the Secretary of State

continues to offer and conduct training for personnel designated by the voter registration agencies. Elsie Cangelosi, Angie Rogers, SOS 17, SOS 18, SOS 20, SOS 21, SOS 22, SOS 23, SOS 24, SOS 25, SOS 26, SOS 27, SOS 28 and SOS 29.

23. The instruction, training, manuals, and forms devised and maintained by the Louisiana Commissioner of Elections until 2004 and by the Secretary of State thereafter, comport with the requirements of the NVRA. Elsie Cangelosi, Angie Rogers, Cate McRitchie, SOS 17, SOS 18, SOS 20, SOS 21, SOS 22, SOS 23, SOS 24, SOS 25, SOS 26, SOS 27, SOS 28 and SOS 29.

24. On May 17, 2012, the "Voter Registration Modernization Act of 2012", was introduced in the United States House of Representatives to amend the NVRA to include among other things a requirement that voter registration agencies designated under Section 7 offer voter registration in on-line transactions. H.R. 5799, 112th Cong., 2d Sess., Cong. Rec. CR E838 (2011).

## CONCLUSIONS OF LAW

1. Standing under the NVRA is limited to the United States Attorney General and the "aggrieved persons" whose voting rights have been denied or impaired. *Krislow v. Rednour*, 946 F.Supp. 563, 566 (N. D. Ill. 1996), cited favorably in *ACORN v. Fowler*, 178 F.3d 350, 366 (5th Cir. 1999).

2. The inducible constitutional minimum of standing contains three elements. First, that plaintiffs must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct

complained of - - the injury has to be fairly traceable to the challenged action of the defendant. Third, it must be likely as opposed to merely speculation that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

3.   The failure to establish standing deprives the federal courts of jurisdiction to hear the suit. *Ford*, at p. 332, citing *Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 319 (5th Cir. 2002).

4.   Article III Standing must be addressed before all other issues because it determines the Court's fundamental power even to hear the suit. *Ford, v. Nylcare Health Plans of the Gulf Coast, Inc*., 301 F.3d 329, 332 (5 Cir. 2002).

5.   The party invoking federal jurisdiction bears the burden of establishing the elements necessary for Article III jurisdiction.  Thus, the elements of standing are not merely pleading requirements but rather an indispensable part of the plaintiffs' case, and each element must be supported in the same way as any other matter on which the plaintiffs bear the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

6.   With respect to standing of the individual plaintiff, Luther Scott, Jr., plaintiffs must show with evidentiary support that that defendants conduct "aggrieved" or caused him injury, which would be redressed by the relief sought in the litigation. *Ford v. Nylcare Health Plans of the Gulf Coast, Inc*., 301 F.3d 329, 333 (5 Cir. 2002).

7.   No case or controversy is presented in this matter because the plaintiffs lack standing, and the Court is, therefore, without subject matter jurisdiction.  United States Constitution, Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

8.   "Agency registration" at public assistance agencies is limited to application in person at

traditional voter registration offices and at federal, state or non-governmental designated under specific provisions of the NVRA. 42 U.S.C. 1973gg-2.

9.    42 U.S.C. 1973gg-5(a)(6)(A) requires voter registration agencies that provide service or assistance in addition to voter registration to distribute a voter registration application and to provide a declination form only when the agency distributes to the applicant its service application form or its recertification, remedial or change of address form during in-person transactions. 42 U.S.C. 1973gg-2, 1973gg-5(a)(6)(A).

10.    An applicant for benefits at a public assistance office declines the opportunity to register "in writing" under 42 U.S.C. 1973gg-5(a)(6)(A) by signing the Voter Registration Declination form. 42 U.S.C. 1973gg-5.

11.    As Chief Election Official the Secretary of State's responsibility is to coordinate state responsibilities under the NVRA. 42 U.S.C. 1973gg-8.

12.    The State of Louisiana has not empowered the Secretary of State to exercise supervision or control or other authority to compel the Department of Health and Hospitals and/or the Department of Children and Family Services to act. La. Const. Art. IV, Section 5. La. R.S. 18:18, 58.

13.    The NVRA as presently written requires public assistance agencies to offer voter registration forms only for "application in person--(A) at the appropriate registration site with to the residence of the applicant in accordance with state law; and (B) at a federal, state, or non-governmental office designated under § 1973gg-5 of this title." 42 U.S.C. § 1973gg-2(a)(3)

14.    Rewriting a statute is a job for Congress, not for the courts. It is not the function of the courts to reformulate a statute in pursuit of its purpose or in light of changing realties. If

Congress determines that its statute needs to be amended, it can certainly act in that regard. *Gonzales v. Arizona*, 453 F.Supp.2nd 997, 1003 (U.S.D.C., D. Arizonia 2006).

15.     While public assistance agencies in Louisiana are free to offer applicants voter registration forms on occasions other than those mandated by the NVRA, this Court does not have the power to compel or enjoin parties to do what the law does not require them to do. *Gonzales v. Arizona*, 453 F.Supp.2nd 997, 1003 (U.S.D.C., D. Arizonia 2006).

STATEMENT CONCERNING INJUNCTIVE RELIEF

1)      Without subject matter jurisdiction, the Court cannot grant injunctive relief.

2)      With respect to applications in person at public assistance offices, the Secretary of State has met its obligation to coordinate the state's responsibilities and no injunction should issue against it.

3)      With respect to transactions on-line, by mail or by telephone, so called "remote" transactions, the Secretary of State submits that by its terms, the NVRA does not apply to such transactions at public assistance agencies. But, even assuming that it did, the Secretary, like the Department of Justice, cannot devise a workable proposal by which the public assistance agencies can offer voter registration opportunities for "remote" transactions utilizing the forms and following the procedures mandated by 42 U.S.C. § 1973gg-5(a)(6). The Secretary of State has some ideas about how public assistance agencies can go about offering voter registration for remote transactions, some of which are similar to those proposed by Congress in H.R. 5799 for modernization of the NVRA, beginning with the dispensation of the voter declaration form. However, neither the ideas of the Secretary of State nor the ideas of Congress with respect to remote applications have been incorporated into the NVRA.

Accordingly, the Secretary of State submits that no injunction should issue with respect to remote transactions.

Respectfully Submitted:

CAREY T. JONES
Bar Roll No. 07474
8115 Vincent Road
P.O. Box 700
Denham Springs, LA 70727
Telephone: (225) 664-0077
Facsimile:   (225) 664-9477
tjones@tomjoneslaw.com

*Attorneys for Defendant, Tom Schedler in his official capacity as Louisiana Secretary of State*

-9-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing "Proposed Findings of Facts and Conclusions of Law by Defendant, Tom Schedler, in His Official Capacity as Louisiana Secretary of State" was sent electronically or via U.S. First Class Mail, postage prepaid, to the following:

Ronald L. Wilson (cabral2@aol.com)
701 Poydras Street, Suite 4100
New Orleans, LA 70139

Dale Ho (dho@naacpldf.org)
Natasha Korgaonkar
(nkorgaonkar@naacpldf.org)
Ryan P. Haygood
(rhaygood@naacpldf.org)
99 Hudson Street, Suite 1600
New York, NY 10013

Niyati Shah (nshah@projectvote.org)
Michelle Rupp
(mrupp@projectvote.org)
Sarah Brannon
(sbrannon@projectvote.org)
737 ½ 8th Street SE
Washington, DC 20003

Israel David
(israel.david@friedfrank.com)
Michael B. De Leeuw
(michael.deleeuw@friedfrank.com)
Erica Sollie
One New York Plaza
New York, NY 10004

Stephen R. Russo (stephen.russo@la.gov)
David McCay (david.mccay@la.gov)
Douglas L. Cade (douglas.cade@la.gov)
Kimberly L. Humbles (kim.humbles@la.gov)
Rebecca Claire Clement (rebecca.clement@la.gov)
Department of Health & Hospitals
Bureau of Legal Services
Bienville Blvd.
628 N. 4th Street
Baton Rouge, LA 70802

Harry Joseph Philips , Jr.
(skip.philips@taylorporter.com)
451 Florida St., 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821

Celia Alexander (celia.alexander@la.gov)
Eboni Townsend (eboni.townsend@la.gov)
Bureau of General Counsel
Louisiana Department of Children and Family
Services
P.O. Box 1887
Baton Rouge, LA 70821

Charles L. Dirks, III
(charlie_dirks@excite.com)
P.O. Box 2667
Baton Rouge, LA 70821

Baton Rouge, Louisiana, this 5th of October, 2012.

CAREY T. JONES