UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUTHER SCOTT, ET AL | * | CIVIL ACTION NO. 11-926 |
| Plaintiffs | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 2 |
| TOM SCHEDLER, ET AL | * | MAG. JOSEPH C. WILKINSON, JR. |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

The matter before the Court is Defendant Tom Schedler's ("Schedler") Motion for Stay Pending Appeal and to Dispense with Bond. (Doc. 445.) For the following reasons the Motion is DENIED.

### BACKGROUND

Plaintiffs Roy Ferrand, Luther Scott, Jr. and the Louisiana State Conference of the NAACP[1]

---

[1]National Association for the Advancement of Colored People

-1-

("LSC NAACP") (collectively, "Plaintiffs") brought this action on April 19, 2011, for themselves and on behalf of all other persons similarly situated against Defendants Tom Schedler, in his official capacity as Louisiana Secretary of State, Ruth Johnson, in her official capacity as Secretary of the Louisiana Department of Children and Family Services ("DCFS"), and Bruce D. Greenstein, in his official capacity as Secretary of the Louisiana Department of Health and Hospitals ("DHH"). In their Complaint, Plaintiffs allege that Defendants have engaged in systemic and ongoing violations of their obligations under Section 7 of the National Voter Registration Act ("NVRA").[2] At the time of trial, Plaintiff Roy Ferrand had been withdrawn as a Plaintiff. (Doc. 126.) Additionally, Suzy Sonnier, in her official capacity, was substituted for Ruth Johnson as Defendant. (Doc. 363.)

The matter was tried before the Court, sitting without a jury, from October 15, 2012 through October 17, 2012. On January 22, 2013 the Court issued its Findings of Fact and Conclusions of Law in accordance with Federal Rules of Civil Procedure 52(a). (Doc. 436.) Concurrently, the Court issued a Permanent Injunction against all Defendants. (Doc. 437.) The Court directed that the Defendants to implement such policies, procedures, and directives in order to achieve compliance with the NVRA by March 15, 2013. (*Id.*) On February 20, 2013 the Court granted an extension of time to file the Certification of Compliance until May 14, 2013. (Doc. 444.)

On February 19, 2013 Schedler filed a Notice of Appeal. (Doc. 442.) On February 22, 2013

---

[2]Section 4 of the Act is codified at 42 U.S.C. § 1973gg-2; Section 7 of the Act is codified at 42 U.S.C. § 1973gg-5; Section 10 of the Act is codified at 42 U.S.C. § 1973gg-8.

Schedler filed a Motion to Stay Pending Appeal. (Doc. 445.) Plaintiffs filed an opposition on March 5, 2013. (Doc. 456.) The Court took the Motion under submission on March 13, 2013.

## LEGAL STANDARD

"The standards governing the issuance of stays are well established." *Voting for Am., Inc. v. Andrade*, 488 Fed. Appx. 890, 905 (5th Cir. 2012) (Dennis, J. dissenting). Courts have long recognized four factors to consider when determining whether a stay should be granted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Id.* at 433–34 (citations omitted). Ultimately, "a stay is not a matter of right, even if irreparable injury might otherwise result" *Id.* (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

## LAW AND ANALYSIS

For the reasons that follow this Court does not find that a stay is appropriate in the instant matter. Accordingly, Schedler's Motion to Stay is denied.

*I.     Likelihood of Success on the Merits*

Schedler argues that there is a likelihood of success on the merits for several reasons: (1) the injunction is void; (2) the Court's decision represents a novel interpretation of the NVRA which has not yet been determined by the appellate courts; (3) the Court was incorrect in determining the Secretary of State's responsibilities under the NVRA; and (4) the Court lacked jurisdiction to make a determination because the Plaintiffs did not have standing.  Plaintiffs oppose Schedler's arguments stating that: (1) the injunction is proper and in compliance with Federal Rule of Procedure 65(d); (2) the issues before the Court are not novel; (3) the Court was correct in determining the responsibilities of the SOS under the clear language of the NVRA; and (4) the Court was correct in its detailed analysis finding that each Plaintiff had standing.  The Court agrees with Plaintiffs.

First, this Court finds that the Permanent Injunction is in compliance with the Federal Rules of Civil Procedure.  Rule 65 directs that every order granting an injunction must state the reasons for which it is issued, its terms specifically and describe in reasonable detail the act or acts restrained or required.  Fed. R. Civ. P. 65.  The Court *concurrently filed* the Permanent Injunction in the instant matter with its Findings of Fact and Conclusions of Law ("Findings").  The Court details in both the Permanent Injunction and its Findings the reasons why the Permanent Injunction is issued, states the terms specifically, and described in reasonable detail what the Secretary of State is required to do.  Specifically, the Court made findings that the SOS has not provided consistent

-4-

or correct training materials and training programs, has failed to properly advise agencies in accordance with the mandates of the NVRA, and has failed to adequately coordinate minimum voter registration services during remote transactions.  The Court prescribes that the SOS must amend these procedures to be in compliance with the NVRA.

"The requirements of Rule 65(d) are not purely technical, but serve to 'prevent uncertainty and confusion' by those faced with injunctive orders and to 'avoid the possible founding of a contempt citation on a decree too vague to be understood,' as well as to facilitate informed and intelligent appellate review." *Islander E. Rental Program v. Barfield*, 145 F.3d 359 (5th Cir. 1998) (quoting *Citizen Band Potawatomi Indian Tribe of Okla. v. Okla. Tax Comm'n*, 969 F.2d 943, 946 n. 3 (10th Cir. 1992)).  "Although the requirements of Rule 65(d) are mandatory, elaborate detail is unnecessary; we have explained that 'an injunction must simply be framed so that those enjoined will know what conduct the court has prohibited.'" *Islander E. Rental Program*, 145 F.3d at 359 (quoting *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981)).  While the Permanent Injunction may not be elaborate, the requirements of Rule 65(d) have been soundly met.

Schedler's last three arguments concern the Court's factual and legal conclusions detailed in the Court's Findings.  All of these issues have been briefed, argued, addressed, and the Court has rendered its decision.  The Court finds that its findings and analysis are not erroneous and are in compliance with jurisprudence and the text of the NVRA.  This Court found that the SOS failed at

meeting the requirements of the NVRA and fashioned an appropriate and reasonable remedy. Simply because the SOS disagrees with this Court does not mean that the SOS is likely to prevail on the merits at the appellate level.

The Court finds that the SOS has failed at meeting its burden of showing that it is likely to succeed on the merits. Accordingly, the Court finds that the first factor weighs against the granting of a stay.

II.     *Irreparable Injury to Schedler Absent a Stay*

Schedler maintains that he will suffer irreparable injury absent a stay because the Permanent Injunction leaves him open to contempt charges and continued litigation should his interpretation fail to correlate to that of the Plaintiffs. Schedler further argues that he will be injured because he must obtain preclearance of the Court's ruling before engaging in implementation of the ruling. Plaintiffs disagree with Schedler and maintain that the Permanent Injunction provides a detailed mechanism to avoid protracted litigation and provides the SOS with a means to avoid contempt charges. Moreover, Plaintiffs aver that preclearance is not required, and that if it was Schedler could have petitioned the Court for an extension of its compliance deadline.

The Court finds Schedler's arguments unavailing. The Permanent Injunction clearly describes procedures whereby no Defendant will not be caught in contempt charges or continuing litigation. Additionally, the Court finds that even if preclearance is required under Section Five of

the Voting Rights Act, an exception applies here. *See Lopez v. Monterey County*, 525 U.S. 266, 286 (1999) ("[t]his Court has created an exception to the preclearance requirement in certain cases involving federally court-ordered voting changes. As a general rule, voting changes crafted wholly by a federal district court in the first instance do not require preclearance."). Moreover, if the SOS wanted to seek preclearance, regardless of the exception provided to it, certainly the Court would consider any Motion requesting a continuation of the deadline provided by the Court.

The Court finds that the SOS has failed at meeting its burden of showing that it will suffer irreparable injury if a stay is not granted. Accordingly, the Court finds that the first factor weighs against the granting of a stay.

III.   *Substantial Injury to Plaintiffs and Other Defendants*

Schedler argues that Luther Scott and the LSC NAACP will not be injured by the issuance of the stay. Schedler also notes that the other Defendants, DCFS and DHH, are not appealing the Court's Injunction and will not be injured by granting a stay as to the SOS. Defendants argue that the Court has found that the SOS is responsible for coordinating and for compliance for the State of Louisiana under the NVRA. Accordingly, without this meaningful oversight in place there will be injury to both Plaintiffs.

The Court agrees with the Plaintiffs. The SOS is responsible for coordinating Section 7 of the NVRA for the State of Louisiana. The Court has recently rendered a decision regarding the requirements of Section 7 of the NVRA. In accordance with its ruling, the Court issued the

Permanent Injunction. Just as DCFS and DHH have taken, and continue to take, meaningful and important steps to comply with the Court's orders and the mandates of the NVRA, it is imperative that the SOS do the same. The Court finds that both Scott and the LSC NAACP will be injured if there fails to be a compliant SOS. Moreover, the Court finds that the Defendants will be injured if the coordinator of the NVRA responsibilities is not participating in the same meaningful steps that they have already undertaken.

Accordingly, the SOS has failed to meet its burden of showing that there will be little to no substantial injury to Plaintiffs or the other Defendants. As such, this factor weighs against granting a stay.

IV.   *Public Interest*

Schedler argues that requiring optional voter registration agencies to offer voter registration services with every remote transaction will erect barriers to participation in voter registration. Specifically, Schedler avers that optional voter registration agencies do not have enough funding to properly conduct remote voter registration. Plaintiffs contend, however, that the public interest would be greatly served by not granting a stay. Moreover, the Plaintiffs correctly point out that the Court's ruling will have no impact on voluntary voter registration programs operated by optional voter registration agencies.

Schedler's brief misinterprets both the law and this Court's ruling. First, the requirements of Subsection (a)6) do not apply to all voter registration agencies, but only mandatory voter

registration agencies. *See* 42 U.S.C. § 1973gg-5(a)(6).  In accordance with the clear text of the NVRA, this Court has also held that the requirements of Subsection (a)(6) only apply to voter registration agencies that provide "service or assistance."  *See Ferrand v. Schedler*, No. 11-926, 2012 WL 1570094, at *8-9 (E.D. La. May 3, 2012) (holding that the voter registration requirements of subsection (a)(6) do not apply to all voter registration agencies).

Schedler's arguments are without merit and are an attempt to misconstrue the Court's ruling in an effort to obtain a stay.  Accordingly, the SOS fails at meeting his burden that the public interest would be best served by the granting of a stay.  This factor weighs in favor of denying a stay.

V.   *Conclusion*

A review of the record and the parties' arguments leads the Court to conclude that Schedler has failed at meeting his burden to warrant the stay.  Specifically, Schedler has failed to meet any one of the four criterion necessary for a stay pending appeal.  *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001) (the movant bears the burden of establishing *each* of the four prerequisites).  Accordingly, the Court denies the Motion to Stay.

## CONCLUSION

For the foregoing reasons, the Motion to Stay filed by Schedler is DENIED.

New Orleans, Louisiana on this 25th day of April, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**