# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

July 07, 2016

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 15-30652   Luther Scott, Jr., et al v. Tom Schedler
                     USDC No. 2:11-CV-926

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                                    Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____
                                    Dantrell L. Johnson, Deputy Clerk
                                    504-310-7689

cc w/encl:
     Ms. Sarah E. Brannon
     Ms. Celia Rhea Cangelosi
     Mr. Israel David
     Ms. Amanda Giglio
     Mr. Carey Thompson Jones
     Ms. Natasha M. Korgaonkar
     Mr. Jesse Ryan Loffler
     Mr. Ronald Lawrence Wilson

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30652

D.C. Docket No. 2:11-CV-926

United States Court of Appeals
Fifth Circuit
**FILED**
June 15, 2016
Lyle W. Cayce
Clerk

LUTHER SCOTT, JR., for himself and all other persons similarly situated; LOUISIANA STATE CONFERENCE OF THE NAACP, for themselves and all other persons similarly situated,

 Plaintiffs - Appellees

v.

TOM SCHEDLER, in his official capacity as the Louisiana Secretary of State,

 Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that plaintiffs-appellees pay to defendant-appellant the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued
as the mandate on Jul 07, 2016**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2016

Lyle W. Cayce
Clerk

No. 15-30652

LUTHER SCOTT, JR., for himself and all other persons similarly situated; LOUISIANA STATE CONFERENCE OF THE NAACP, for themselves and all other persons similarly situated,

    Plaintiffs - Appellees

v.

TOM SCHEDLER, in his official capacity as the Louisiana Secretary of State,

    Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-926

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    This appeal concerns the specificity required of injunctions. Tom Schedler, in his capacity as the Louisiana Secretary of State, appeals the imposition of an amended permanent injunction that requires him to "maintain in force" his "policies, procedures, and directives" related to the coordination and enforcement of the National Voter Registration Act ("NVRA"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 15-30652     Document: 00513581554     Page: 2     Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 4 of 14

No. 15-30652

or "the Act"), 52 U.S.C. § 20501 *et seq.*, in Louisiana. Schedler argues that the injunction fails to satisfy the specificity requirements of Federal Rule of Civil Procedure 65(d) and is insufficiently tailored to address the injury the plaintiff has established. Because we agree with Schedler that the injunction at issue is insufficiently specific, we VACATE the injunction and REMAND to the district court to set out in greater detail the acts being restrained or required.

## I.

Plaintiffs Roy Ferrand,[1] Luther Scott, and the Louisiana State Conference of the NAACP ("NAACP") filed the underlying complaint in this case in April 2011, naming as defendants the Louisiana Secretary of State, the Secretary of the Louisiana Department of Children & Family Services ("DCFS"), and the Secretary of the Louisiana Department of Health & Hospitals ("DHH"), all in their official capacities. The plaintiffs alleged that the Secretaries of DCFS and DHH had violated Section 7 of the NVRA by failing to offer voter registration services to all people who applied for, renewed, or changed their addresses in connection with public assistance benefits and that defendant Tom Schedler, the Louisiana Secretary of State, had violated the NVRA by failing to coordinate the state's responsibilities under the Act. The NAACP and Schedler are the only parties to this appeal.

After a bench trial, the district court issued its findings of fact and conclusions of law, holding that the Secretary of DCFS, the Secretary of DHH, and Schedler had violated the NVRA in various ways. As to Schedler, the district court found that he had provided inconsistent and inaccurate training to agencies such as DHH and DCFS, and that other than providing training and publishing materials, Schedler had not engaged in measures to ensure public assistance offices were complying with their NVRA responsibilities.

---

[1] Plaintiff Roy Ferrand later voluntarily withdrew from the suit.

2

Case: 15-30652      Document: 00513581554     Page: 3     Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 5 of 14

No. 15-30652

Further, and contrary to Schedler's arguments, the district court determined that Schedler was responsible for actively enforcing the NVRA and coordinating that enforcement in Louisiana. The district court noted that the defendants had made substantial strides toward complying with the NVRA since the lawsuit's inception, but also entered a permanent injunction against Schedler and the Secretaries of DCFS and DHH. The district court enjoined Schedler[2] as follows:

> That the Secretary of State is directed to maintain in force and effect his or her policies, procedures, and directives, as revised, relative to the implementation of the National Voter Registration Act with respect [to] coordination of the National Voter Registration Act within Louisiana. As to any program for which the Secretary has not achieved substantial compliance with the provisions of the National Voter Registration Act, 42 U.S.C. § 1973gg, *et. seq.*,[3] the Secretary is directed to implement such policies, procedures, and directives as to each program no later than March 15, 2013, and certify such compliance to this Court.

As directed, Schedler certified to the district court his compliance with the permanent injunction in March 2013. Schedler certified, *inter alia*, that he had adopted specific emergency rules for voter registration at designated agencies, revised the form given to public assistance clients, prepared an instruction manual for mandatory voter registration agencies that provide public assistance, prepared a presentation for trainings at registration agencies, selected a Secretary of State NVRA Coordinator, and initiated the required procedures for final adoption of the emergency rules.

---

[2] The injunction's application to the Secretary of DCFS and the Secretary of DHH is not relevant to this appeal, as the Secretaries of DCFS and DHH have not challenged the injunction.

[3] The NVRA, previously codified under 42 U.S.C. § 1973gg, *et seq.*, has been transferred to 52 U.S.C. § 20501, *et seq.*

3

No. 15-30652

Schedler appealed the district court's partial grant of summary judgment in favor of the plaintiffs and the imposition of the permanent injunction. A panel of this court decided the appeal in November 2014. *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014). First, the panel held that plaintiff Luther Scott was not entitled to any relief because he had failed to satisfy the NVRA's notice requirement. *Id.* at 836. Second, the panel held that the NAACP had standing to challenge Schedler's enforcement of the NVRA only as to in-person transactions. *Id.* at 837. Third, the panel affirmed the district court's conclusion that Schedler was required to coordinate and enforce Louisiana's compliance with the NVRA. *Id.* at 839. In so holding, the panel rejected Schedler's argument that his responsibilities were limited to the one-time implementation of the NVRA and instead affirmed the district court's holding that Schedler was responsible for actively enforcing the NVRA. *Id.* at 838-39. Last, the panel held that the NVRA does not require benefits applicants to be given voter registration forms if they leave blank a "declination form" that asks whether they wish to register to vote. *Id.* at 841. The panel thus vacated in part and affirmed in part the injunction as to Schedler, and remanded the case to the district court to modify the injunction in accordance with the panel opinion. *Id.* at 841-42. The panel explicitly did "not consider Schedler's arguments regarding . . . the breadth of the district court's injunction." *Id.* at 841.

On remand, after submissions from both sides and oral argument, the district court entered the Amended Permanent Injunction. The amended injunction states, "[t]he Fifth Circuit held that this Court lacked jurisdiction to consider Plaintiffs' challenge related to remote transactions and that the Court's decision regarding the effect of checking neither box on the declination form was incorrect. The Court's Injunction was affirmed in all other respects." The Amended Permanent Injunction further states that as "previously held,

4

Case: 15-30652     Document: 00513581554     Page: 5     Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 7 of 14

No. 15-30652

and the Fifth Circuit affirmed, Schedler has violated certain requirements of the [NVRA], specifically including his obligation to coordinate and to enforce [NVRA] compliance for relevant agencies and offices in Louisiana." Accordingly, the district court ordered:

> That, in accord with the Fifth Circuit Opinion issue[d] in this matter, the Secretary of State is directed to maintain in force and effect his or her policies, procedures, and directives, as revised, relative to the implementation of the [NVRA] with respect [to] coordination of the [NVRA] within Louisiana.

Schedler timely appealed the district court's imposition of the Amended Permanent Injunction.

## II.

As a general matter, we "review the trial court's granting or denial of [a] permanent injunction for abuse of discretion." *Peaches Entm't Corp. v. Entm't Repertoire Assocs.*, 62 F.3d 690, 693 (5th Cir. 1995). The review of a permanent injunction is segmented, such that "we will review the district court's findings of fact under the clearly erroneous standard, and the conclusions of law under the *de novo* standard." *Id.* Where, as here, "the district court's decision turns on the application of statutes or procedural rules, our review of that interpretation is *de novo*." *United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 472 (5th Cir. 2007); *see also Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352, 1356 (Fed. Cir. 1999) ("[W]hether the terms of the injunction fulfill the mandates of FED. R. CIV. P. 65(d) is a question of law that this court reviews *de novo*.").

## III.

The only issues on appeal are whether the district court's Amended Permanent Injunction is (1) sufficiently specific to give notice of its terms and (2) tailored to remedy the established violations. Federal Rule of Civil Procedure 65(d)(1) contains three requirements: an order granting an

5

Case: 15-30652   Document: 00513581554   Page: 6   Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 8 of 14

No. 15-30652

injunction must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Schedler challenges the injunction's compliance with subparts (B) and (C).

As have many defendants challenging injunctions, Schedler argues that the instant injunction is both vague and overbroad. *See, e.g.*, *Doe v. Veneman*, 380 F.3d 807, 813 (5th Cir. 2004) (analyzing challenge to injunction as vague and overbroad); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 50-52 (2d Cir. 1996) (same). "Analytically, the broadness of an injunction refers to the range of proscribed activity, while vagueness refers [to] the particularity with which the proscribed activity is described." *U.S. Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236, 1246 n.19 (5th Cir. 1975). "'Vagueness' is a question of notice, *i.e.*, procedural due process, and 'broadness' is a matter of substantive law." *Id.* Thus, an injunction is overly vague if it fails to satisfy the specificity requirements set out in Rule 65(d)(1), and it is overbroad if it is not "narrowly tailor[ed] . . . to remedy the specific action which gives rise to the order" as determined by the substantive law at issue. *Veneman*, 380 F.3d at 818.

As explained above, to comply with Rule 65(d) "[t]he district court's order granting the injunction must 'state its terms specifically' and 'describe in reasonable detail' the conduct restrained or required." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 586 (5th Cir. 2013) (quoting FED. R. CIV. P. 65(d)). The drafting standard has been described as "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *U.S. Steel Corp.*, 519 F.2d at 1246 n.20 (quoting WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2955 at 536-37 (1973)). "The rule embodies the elementary due process requirement of notice." *Id.* at 1246. The Supreme Court has repeatedly emphasized that "the specificity provisions of Rule 65(d) are no mere technical

Case: 15-30652    Document: 00513581554    Page: 7    Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 9 of 14

No. 15-30652

requirements." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). "The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Id.*

Schedler argues that the Amended Permanent Injunction is too vague to be understood because he "is not aware of any policies, procedures or directives maintained by the office of the Secretary of State, particularly any 'as revised' that the court might refer to in its order." The NAACP responds that Schedler's alleged ignorance is undermined by the fact that Schedler expressly certified his compliance with the terms of the original injunction, which, like the Amended Permanent Injunction, required Schedler to "maintain in force and effect his . . . policies, procedures, and directives, as revised, relative to the implementation of the [NVRA] with respect [to] coordination of the [NVRA] within Louisiana." In his certification, Schedler listed a number of specific policies, procedures, and directives intended to coordinate and enforce the NVRA. The NAACP acknowledges, however, that Schedler is not estopped from arguing in a subsequent appeal that he does not understand the Amended Permanent Injunction. Schedler maintains that his certification of compliance merely reflected a good-faith effort to comply with the original injunction but did not waive the specificity requirements set out in Rule 65(d).

Particularly useful to our analysis of the Amended Permanent Injunction's specificity is the Ninth Circuit's decision in *Thomas v. County of Los Angeles*, 978 F.2d 504 (9th Cir. 1992), *as amended* (Feb. 12, 1993). There, a class of predominately black and Hispanic residents of Lynwood, California, brought a § 1983 suit alleging that deputy sheriffs at the Lynwood station of the Los Angeles County Sherriff's Department had been targeting minorities for excessive force and illegal searches. *Id.* at 505-06. The district court issued an injunction ordering the Los Angeles Sheriff's Department to, among other

Case: 15-30652    Document: 00513581554    Page: 8    Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 10 of 14

No. 15-30652

things, "[f]ollow the Department's own stated policies and guidelines regarding the use of force and procedures for conducting searches." *Id.* at 506. In addition to reversing the injunction as unsupported by adequate findings of fact, the Ninth Circuit held that the injunction failed to satisfy Rule 65(d) because it did not define the "department policies and guidelines for conducting searches and for the use of force" that the Department was ordered to follow. *Id.* at 509. Thus, the Ninth Circuit concluded that a reference to the Department's own policies and guidelines for searches and use of force was overly vague, even though one might expect a sheriff's department to be familiar with its own policies on these matters. *See id.*

The injunction at issue here is analogous to that in *Thomas*, as it simply directs Schedler to maintain in force and effect his policies, procedures, and directives for implementation of the NVRA with respect to coordination of the NVRA. That is, the injunction refers generally to the defendant's policies without defining what those policies are or how they can be identified. *See id.* Schedler vigorously contests the suggestion that he can be expected to know what "policies, procedures, and directives, as revised," the injunction references, and the fact that the referenced policies are Schedler's own does not suffice to satisfy Rule 65(d). *See id.*; *see also U.S. Steel Corp.*, 519 F.2d at 1246-47 (holding that injunction violated Rule 65(d) in spite of incorporating the parties' own contract language). An injunction should not contain broad generalities. *See Peregrine Myanmar*, 89 F.3d at 50, 52-53 (vacating as vague a catch-all paragraph of an injunction requiring the appellant to "take all other reasonably needful actions to facilitate" a general result). Moreover, an injunction must describe in reasonable detail the acts restrained or required "not by referring to . . . [any] other document." FED. R. CIV. P. 65(d)(1)(C). Here, the district court simply ordered Schedler to maintain in place certain undefined policies, procedures, and directives. Because the Amended

No. 15-30652

Permanent Injunction fails to define the "policies, procedures, and directives" it requires Schedler to maintain in force and effect, the injunction lacks the specificity required by Rule 65(d). *See Thomas*, 978 F.2d at 509; *U.S. Steel Corp.*, 519 F.2d at 1246-47.

We are sensitive, of course, to the district court's difficult position. The district court cannot be expected to act as an executive or legislative agent of the state, dictating with intricate precision the policies the state should adopt in order to fulfill its statutory obligations. *See Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981) ("The specificity requirement is not unwieldy . . . . An injunction must simply be framed so that those enjoined will know what conduct the court has prohibited."). The district court also, however, may not issue an injunction that references other documents or is written in terms too vague to be readily understood. *See* FED. R. CIV. P. 65(d)(1); *Veneman*, 380 F.3d at 819-20 (reversing as vague a portion of an injunction that prevented the government defendants from disclosing "personal information" but left to the defendants the task of determining what combination of information would amount to "personal information").

Our opinion in *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508 (5th Cir. 1969), offers a helpful comparison. There, a district court found an employer had violated child labor laws and issued an injunction against further infractions. *Id.* at 511. The district court ordered that the employer "shall not fail to make, keep and preserve records of its employees and of the wages, hours or other conditions and practices of employment maintained by it, as prescribed by the Regulations of the Administrator . . ." and "shall not, contrary to Sections 12 and 15(a)(4) of the [Fair Labor Standards] Act, employ any oppressive child labor (as defined in Section 3(l) of the Act) in interstate commerce or in the production of goods for interstate commerce." *Id.* at 517 n.10. On appeal, we held that the injunction complied with the specificity

9

Case: 15-30652   Document: 00513581554   Page: 10   Date Filed: 07/07/2016
Case 2:11-cv-00926-JTM-JCW   Document 564   Filed 07/12/16   Page 12 of 14

No. 15-30652

requirements of Rule 65(d). *Gulf King Shrimp*, 407 F.2d at 517. We emphasized that although the injunction specifically referenced the Fair Labor Standards Act, it did "not engraft the statute in gross" or "rely on the statute for clarification of what [was] otherwise unclear in the decree itself." *Id.* "It merely supplement[ed] specific instructions in the decree with the statutory authority from which the right to issue such instructions derive[d]." *Id.* The same cannot be said of the Amended Permanent Injunction here. The Amended Permanent Injunction runs afoul of Rule 65(d)(1) not because it references the NVRA, but because it fails to "describe in reasonable detail— and not by referring to the complaint or other document—the act or acts restrained or required." *See id.* It refers to Schedler's "policies, procedures, and directives" regarding the NVRA not for context but for content. Put simply, the injunction lacks the requisite specificity and detail because it does not clearly define the policies, procedures, and directives that it orders Schedler to maintain in force.

We conclude that the Amended Permanent Injunction's terms are overly vague and remand for clarification; we thus do not have occasion to opine on whether the injunction is also overbroad. We merely remind the district court that its injunction may not encompass more conduct than was requested or exceed the legal basis of the lawsuit. *See Veneman*, 380 F.3d at 819. As a result, the district court must make plain that the injunction's scope is limited to Schedler's enforcement of the NVRA as to in-person transactions. *See Scott*, 771 F.3d at 837. We also decline Schedler's invitation to modify the injunction ourselves. The district court is well-versed in the intricacies of this lawsuit and has not previously been tasked with modifying the injunction for specificity or breadth. Accordingly, we will remand this case to the district court for modification of the injunction in the first instance.

No. 15-30652

## IV.

For the reasons detailed above, we hold that the Amended Permanent Injunction as written does not satisfy the specificity requirements outlined in Federal Rule of Civil Procedure 65(d). We therefore VACATE the Amended Permanent Injunction and REMAND this case to the district for modification of the Amended Permanent Injunction in accordance with this opinion.

11

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

# BILL OF COSTS

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5ᵀᴴ CIR. R.39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Luther Scott, Jr., et al.  v. Tom Schedler, in his official capacity as La Secretary of  No. 15-30652

The Clerk is requested to tax the following costs against: Plaintiff, Louisiana State Conference of the NAACP

| COSTS TAXABLE UNDER Fed. R. App. P. & 5ᵗʰ Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($500.00) | | | | 505.00 | | | | 500 |
| Appendix or Record Excerpts | 10 | 100 | 0.10 | 100.00 | 10 | 100 | .10 | 100 |
| Appellant's Brief | 15 | 30 | 0.10 | 45.00 | 15 | 30 | .10 | 45 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | 15 | 8 | 0.10 | 12.00 | 15 | 8 | .10 | 12 |
| Other: Binding/Tabs for Excerpts | 40/10 | 1 ea/7 | 2.50/0.25 | 100/17.50 | 40/10 | 40/7 | 1.5/.25 | 60/17.5 |
| | | | Total $ | 729.50 | | | | 734.50 |

Costs are hereby taxed in the amount of $ 734.50  this  7th  Costs are taxed in the amount of $ 734.50  day of  July , 2016.

State of  Louisiana/East Baton Rouge                     LYLE W. CAYCE, CLERK
County of
                                                         By _____
I Celia R. Cangelosi                                         Deputy Clerk

, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 15th day of June , 2016.

*Celia R. Cangelosi*
(Signature)

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS                      Attorney for Appellant, Tom Schedler