**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LUTHER SCOTT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-926** |
| **TOM SCHEDLER, ET AL** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Contempt, or In the Alternative, for Clarification of the Court's February 22, 2016 Order (Doc. 570). For the following reasons, this Motion is **GRANTED IN PART.**

## BACKGROUND

The long procedural history and factual background of this case need not be recounted here; however, in the interests of clarity, the Court will outline the background facts relevant to the instant Motion. Plaintiffs Luther Scott, Jr. and the Louisiana State Conference of the NAACP brought this action for injunctive relief under the National Voter Registration Act against Defendants Tom Schedler in his official capacity as Louisiana Secretary of State, the Louisiana Department of Health and Hospitals, and the Louisiana Department of Children and Family Services. Following a trial on the merits, this Court entered a permanent injunction against all Defendants and included

1

an attorneys' fee award of $355,489.38 and a reasonable costs award of $34,251.57.

Schedler alone appealed. With regard only to him, the Court of Appeals dismissed Scott's claims for lack of standing, dismissed the NAACP's claims as to remote transactions for lack of standing, vacated the injunction in part and affirmed it in part, and remanded the matter to this Court for modification of the injunction. The Court of Appeals also directed this Court to consider to what extent, if any, the original attorneys' fees award should be modified. The Court then determined that Schedler was entitled to a reduction in attorneys' fees and costs awarded for remote transactions and referred the matter to the magistrate judge for a calculation of the award. The magistrate judge issued "Findings and Recommendation" "that the motion for a reduction … be granted in part and denied in part as follows. Schedler's one-third share of the previous award be reduced by 20 percent from $ 118,496.46 (one-third of $355,489.38) to $94,797.17 in reasonable attorney's fees and from $11,417.19 (one-third of $34,251.57) to $9,133.75 in reimbursable expenses."[1] The magistrate judge further recommended that Schedler be held jointly and severally liable with the severed defendants. The Court adopted this recommendation as its ruling and issued a judgment in accordance with the same.[2] To date, Schedler has

---

[1] Doc. 556.

[2] The pertinent provisions of the Court's order provide as follows:

IT IS ORDERED that defendant Tom Schedler's motion for reduction in attorney's fees after remand by the Fifth Circuit Court of Appeals, Rec. Do. No 547, is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the court's prior judgment, Rec. Doc. No. 492 is VACATED and that the defendant, Tom Schedler, in his official capacity as Louisiana Secretary of State, must pay to plaintiff, the Louisiana State Conference of the NAACP, $94,797.17 in reasonable attorney's fees and $9,133.75 in reimbursable expenses.

IT IS FURTHER ORDERED that Schedler is jointly and severally liable with Bruce Greenstein, in his official capacity as Secretary of the Louisiana Department of Health and Hospitals, and with Suzy Sonnier in her official capacity as Secretary of the Louisiana Department of Children and Family Services, in the amounts of $94,797.17 in reasonable attorney's fees and $9,133.75 in reimbursable expenses.

paid $34,643.64 (one-third of the reduced, severed award), prompting Plaintiff to file the instant Motion.

## LAW AND ANALYSIS

In this Motion, Plaintiff the Louisiana State Conference of the NAACP asks the Court to hold Louisiana Secretary of State Tom Schedler in contempt of court for failure to pay attorneys' fees and reimbursable expenses in the amount of $103,930.92 as ordered by this Court on February 22, 2016. In the alternative, it asks the Court to clarify its earlier order. The Court will begin by outlining its prior order and will then determine whether an order of contempt is appropriate.

## I. The Secretary is Cast in Judgment for the Full Amount of the Reduced Attorneys' Fee Award

Plaintiff argues that Schedler is liable for the full amount of his severed attorneys' fees award. Plaintiff contends that the Court's February 22, 2016 judgment clearly and unambiguously ordered defendant to pay $103,930.92, and that Schedler's payment of one third of this amount is a direct violation of that order. In response, Schedler argues that he has satisfied his obligation to Plaintiffs and that no further payment is due. His argument is twofold. First, he argues that his liability is limited by the joint and several nature of the award. Second, he argues that Plaintiff's negotiation of a check for one third of the total award releases him from any further liability. The court will address these arguments in turn.

---

IT IS FURTHER ORDERED that the remaining two-thirds of the original fees amounting to $236,992.92 in reasonable attorney's fees and $22,834.38 in reimbursable expenses are severed, and that defendants Greesnstein, in his official capacity as Secretary of the DHH, and Sonnier, in her official capacity as Secretary of the DCFS, are jointly and severally liable for those amounts. (Doc. 560).

## A. Joint and Several Liability

Schedler first argues that Plaintiff's release of the other Defendants reduced his liability by two-thirds.  Schedler contends that he is responsible for only his virile share of the judgment as a result of the release of his joint and several co-obligors.  At the outset, the court notes that he provides no legal citation for this argument.  Moreover, this argument misstates the law relative to the nature of joint and several liability.  When liability is so imposed, discharge of one obligor does not discharge the liability of the remaining obligors.[3]  The very nature of joint and several liability allows the obligee to proceed against any obligor for the whole of the award.  Based on the plain language of the Court's judgment, the magistrate's report and recommendations as adopted by the Court, and the procedural history of this case, this argument is disingenuous at best.  Plaintiff are entitled to seek the entirety of that judgment against Schedler.  His legal remedy for payment of more than his share is in contribution from his co-defendants; however, the same does not limit Plaintiff's ability to recover the full amount from Schedler on this joint and several obligation.[4]

---

[3] *See* Restatement (Second) of Contracts § 294(1)(b) ("[W]here the obligee of promises of the same performance discharges one promisor by release, rescission or accord and satisfaction, ... co-promisors who are bound by joint and several duties ... are not discharged...."); *See also Bores v. Domino's Pizza LLC,* No. CIV. 05-2498 RHK/JSM, 2008 WL 4755834, at *2 (D. Minn. Oct. 27, 2008) ("Where parties are jointly and severally liable, however, their obligations can be separated and, as a result, the release of one generally will not release the others."); *Bank One Trust Co. NA v. Alma Prod. I, Inc.,* 137 F. App'x 68, 70 (9th Cir. 2005) (finding that settlement of attorney's fees dispute with one joint and severally liable party did not preclude an action against the remaining party for the balance of attorney's fees); *Holland v. United States,* 74 Fed. Cl. 225, 253 (2006) ("The release of any joint party generally discharges all of the parties of their contractual duties, whereas the release of one joint and several party does not discharge any other party to the contract.").

[4] *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007) ("Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.").

## B. Acceptance of the Check

Schedler next claims that Defendant's acceptance of a check in the amount of one-third of the already reduced award discharges the remainder of the judgment.  He cites no law in support of this contention and produces no evidence that Plaintiff consented to acceptance of this reduced amount in full satisfaction of the judgment.  "[M]utual consent is an absolute requisite to the formation of a contract of accord and satisfaction."[5]  The check cashed by Plaintiff contains no notation that it was provided in full satisfaction of the judgment.  Schedler points to a single line in the letter accompanying the check in which his attorney indicated that the "payment is made in satisfaction of the Secretary of State's share of liability for attorneys fees and expenses in the case."[6]  The Court finds that this language is insufficient to indicate a mutual consent that the payment was acceptance in full and final satisfaction of Schedler's full liability on the judgment.  Accordingly, this argument is without merit.

Conspicuously absent from either of Schedler's arguments is any consideration of the the preceding paragraph of the Court's order, wherein the Court indicated that Schedler "**must**[7] pay to plaintiff, the Louisiana State conference of the NAACP $94,797.17 in reasonable attorney's fees and $9,133.75 in reimbursable expenses."[8]  This order is clear and, in the Court's view, requires no further clarification.  To whatever extent, if any, that this sentence might be considered ambiguous, however, the Court will reiterate its point—Schedler **must** pay to plaintiff, the Louisiana State conference of the

---

[5] *United States v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997)

[6] Doc. 573-1.

[7] In the interest of full clarity, Webster's dictionary defines "must" as "to be required or obligated by law, morality, or custom." *Must*, WEBSTER'S II NEW COLLEGE DICTIONARY (1995).

[8] Doc. 560 (emphasis added).

NAACP $94,797.17 in reasonable attorney's fees and $9,133.75 in reimbursable expenses. The fact that the remaining Defendants have satisfied obligations relative to the severed portion of the award does not change this fact.

## II. Whether Contempt is Appropriate

Plaintiff asks the Court to hold Schedler in contempt of court for failure to pay his portion of the judgment relative to attorneys' fees and reimbursable expenses. Defendant responds in opposition, arguing that contempt proceedings are not the proper vehicle to enforce a money judgment. The court notes that neither party has cited to any law which provides support to their position relative to the availability of contempt in this situation. Regardless, the Court need not resolve that particular issue, as it finds that an order of contempt is not appropriate at this time.

In a typical case, money judgments may only be enforced by writ of execution; however, such writs are governed by the law of the state in which the district court sits.[9] Under Louisiana law, state funds are specifically exempt from seizure by writ of execution.[10] This appears to leave the holder of a state court judgment against the state essentially without judicial remedy.[11] The power of this Court, however, is not so constrained. "[W]here a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court may use any of the weapons generally at its disposal to ensure compliance."[12] "[U]nder Rule 70 a federal court may enforce a money judgment against a state or local government by ordering the defendant to pay

---

[9] Fed R. Civ. P. 69(a)(1).

[10] La. Const. art. XII, § 10(C); *See also* La. Rev. Stat. 13:5109(B)(2).

[11] *Newman Marchive P'ship, Inc. v. City of Shreveport*, 979 So. 2d 1262, 1267 (La. 2008).

[12] *Gates v. Collier*, 616 F.2d 1268, 1271 (5th Cir. 1980).

it."[13]   Therefore, this Court unambiguously orders that Schedler comply with the previously-issued judgment.  Pursuant to Rule 70, Schedler is ordered to pay the balance of the attorneys' fee and reimbursable expenses award within 30 days of this judgment.  As noted above, his remedy then will be to recover the defendants' virile shares of this total amount by asserting contribution claims against them.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED IN PART**. Pursuant to Rule 70, **IT IS ORDERED** that Defendant Schedler pay to Plaintiff the full balance on the $94,797.17 award of reasonable attorney's fees and $9,133.75 in reimbursable expenses within 30 days of this judgment.

New Orleans, Louisiana this 17th day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Leroy v. City of Houston*, 906 F.2d 1069 (5th Cir. 1990).